**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MALIBU MEDIA, LLC,** | : | **CIVIL ACTION NO. 4:15-CV-2281** |
| | : | |
| **Plaintiff** | : | **(Chief Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **JOHN DOE subscriber assigned IP** | : | |
| **Address 71.58.216.197,** | : | |
| | : | |
| **Defendant** | : | |

## <u>MEMORANDUM</u>

This matter comes before the court by way of the multifaceted motion (Doc. 10) of defendant John Doe ("John Doe"), requesting various forms of relief. In the main, John Doe requests that the court vacate its order (Doc. 8) granting plaintiff Malibu Media, LLC ("Malibu") leave to file a third-party subpoena and quash the third-party subpoena that Malibu thereafter served on John Doe's Internet Service Provider ("ISP"), Comcast Cable ("Comcast"). John Doe seeks alternate relief in the form of dismissal of Malibu's complaint (Doc. 1) or issuance of a protective order. Malibu offers no response to John Doe's motion.

## I.  <u>Factual Background and Procedural History</u>

This action is one of many similar copyright infringement actions filed in this judicial district and in federal district courts throughout the country. Malibu filed a one-count complaint (Doc. 1) against John Doe on November 25, 2015, asserting a claim for violation of the Copyright Act, 17 U.S.C. § 501 *et seq.* Therein, Malibu contends that it is registered owner of certain copyrights and that John Doe downloaded, copied, and redistributed copies of its copyrighted works without

authorization.  (Doc. 1 ¶¶ 2-3, 23-24).  At the time Malibu filed its complaint, John

Doe was known to Malibu only by the Internet Protocol ("IP") address set forth in

the above caption.  (See id. ¶ 9).  Malibu alleges that Comcast, as John Doe's ISP,

could ascertain John Doe's true identity.  (Id. ¶ 10).

Malibu discovered the alleged infringement with the assistance of Excipio

GmbH ("Excipio").  (Id. ¶¶ 18-19).  Excipio is a forensic investigative agency which

specializes in providing services to copyright owners.  (See id.; see also Doc. 7-3,

Dec. of Daniel Susac ¶ 5 (Nov. 27, 2015)).  According to Malibu, John Doe used

BitTorrent, a "common peer-to-peer file sharing system," to unlawfully download

and redistribute its copyrighted works.  (Doc. 1 ¶¶ 11-26).  Malibu avers that Excipio

was able to download from John Doe each of the twenty copyrighted works listed in

the first exhibit to its complaint.  (Id. ¶¶ 19-23, 25; see also id. Ex. A).

On December 1, 2015, Malibu moved the court for leave to file a third-party

subpoena on Comcast prior to a Rule 26(f) conference, hoping to ascertain John

Doe's identity.  (See Doc. 6).  The court granted Malibu's motion, (Doc. 8), and

Malibu thereupon served its subpoena on Comcast, seeking John Doe's name and

contact information.  (See Doc. 11 at 1).  John Doe filed the instant motion (Doc. 10)

on January 14, 2016.  Malibu did not respond within the fourteen-day opposition

brief deadline set forth in the Local Rules of Court.  See LOCAL RULE OF COURT 7.6.

Consequently, the court deems John Doe's motion to be unopposed.  Id.

## II.   <u>Discussion</u>

### A.   **Motion for Reconsideration**

John Doe requests that the court vacate its order (Doc. 8) authorizing Malibu to serve a third-party subpoena on Comcast.  (<u>See</u> Docs. 10 at 1-2; Doc. 11 at 4-10). In support of this request, John Doe asserts that evidence supporting Malibu's motion is "suspect," and demands an opportunity to review the technology described and utilized by Malibu.  (<u>See</u> Doc. 11 at 6).

As a threshold matter, John Doe's request for *vacatur* is untimely.  A motion for reconsideration of a court order must be filed within fourteen days after entry of the order in question.  <u>See</u> LOCAL RULES OF COURT 7.10.  The court entered the subject order (Doc. 8) on December 2, 2015.  Any motion for reconsideration thereof was due on or before December 21, 2015.  <u>See</u> <u>id.</u>  John Doe's motion for reconsideration, filed January 14, 2016, is untimely by more than three weeks.

The motion is also without merit.  A party seeking reconsideration must identify a manifest error of law or fact or present newly discovered evidence that undermines the court's earlier holding.  <u>See</u> <u>Max's Seafood Café *ex rel.* Lou-Ann, Inc. v. Quinteros</u>, 176 F.3d 669, 677-78 (3d Cir. 1999); <u>Harsco Corp. v. Zlotnicki</u>, 779 F.2d 905, 909 (3d Cir. 1984).  John Doe's motion merely seeks an opportunity to review Malibu's investigative and identification techniques.  (<u>See</u> <u>id.</u>)  John Doe will have that opportunity during discovery.  <u>See</u> <u>generally</u> FED. R. CIV. P. 26.  Hence, the court will deny John Doe's motion to the extent it seeks *vacatur* of the court's prior order.

### B.    Motion to Quash

Federal Rule of Civil Procedure 45 governs the balance of John Doe's motion. FED. R. CIV. P. 45.  Rule 45 requires a court to quash or modify any subpoena that: (1) does not allow a reasonable compliance period; (2) seeks compliance beyond the geographic limits set forth elsewhere in the Rule; (3) requires a person to disclose privileged or protected matter in circumstances when waiver or other exceptions do not apply; or (4) subjects a person to an "undue burden."  FED. R. CIV. P. 45(d)(3)(A). The moving party bears a "heavy burden" of demonstrating that an enumerated basis for quashing the subpoena exists.  See Malibu Media, LLC v. John Does 1-15, No. 12-2077, 2012 WL 3089383, at *5 (E.D. Pa. July 30, 2012) (citation omitted).

The court must address a threshold standing inquiry before turning to the merits of John Doe's motion.  As a general rule, a motion to quash a third-party subpoena must be brought by the third party itself.  See First Sealord Sur. v. Durkin & Devries Ins. Agency, 918 F. Supp. 2d 362, 382 (E.D. Pa. 2013) (quoting Thomas v. Marina Assocs., 202 F.R.D. 433, 434 (E.D. Pa. 2001)).  This rule admits of a narrow exception: a party may move to quash a third-party subpoena when the moving party claims a "personal right or privilege" in the subject matter of the subpoena.  Id. (quoting Davis v. Gen. Accident Ins. Co., No. 98-4736, 1999 WL 228944, at *2 (E.D. Pa. Apr. 15, 1999)).  This exception typically does not apply to motions to quash premised on an "undue burden" theory.  Malibu Media, LLC v. John Does 1-30, No. 12-3896, 2012 WL 6203697, at *3 (D.N.J. Dec. 12, 2012) (quoting Malibu Media, No. 12-2077, 2012 WL 3089383, at *8; Third Degree Films, Inc. v. Does 1-118, No. 11-CV-3006, 2011 WL 6837774, at *3 (D. Md. Dec. 28, 2011)).

The substantive basis of John Doe's motion is rather unclear, and the present record offers little to guide the court's analysis. (See Doc. 11 at 4-10). The court finds that two Rule 45 exceptions are ostensibly applicable to the instant motion: (1) that the subject matter of the subpoena is privileged or protected, see FED. R. CIV. P. 45(d)(3)(A)(iii); or (2) that the subpoena subjects its recipient to an undue burden, see FED. R. CIV. P. 45(d)(3)(A)(iv).

Regarding the first exception, John Doe does not expressly assert a "personal right or privilege" in the subject matter of the subpoena. First Sealord Surety, 918 F. Supp. 2d at 382 (quoting Davis, 1999 WL 228944, at *2). Nevertheless, several district courts have already foreclosed this avenue of relief, concluding that a name or address voluntarily provided to an ISP is not the type of "protected matter" that Rule 45 contemplates. See, e.g., Malibu Media, 2012 WL 6203697, at *3-4 (citing Malibu Media, 2012 WL 3089383, at *8; First Time Videos, LLC v. Doe, 276 F.R.D. 241, 246-47 (N.D. Ill. 2011)). The court finds that the information sought by Malibu is not "protected" by Rule 45.

John Doe also argues broadly that denying the motion would potentially "cause [him] needless embarrassment, oppression, or undue burden or expense." (Doc. 11 at 6). As noted supra, a party cannot establish standing to challenge a third-party subpoena on "undue burden" grounds. See Malibu Media, 2012 WL 6203697, at *3 (quoting Malibu Media, 2012 WL 3089383, at *8; Third Degree Films, 2011 WL 6837774, at *3). District courts throughout this circuit and others routinely hold that it is the ISP's prerogative—not that of the subscriber—to claim an undue

burden under Rule 45.  <u>See</u>, <u>e.g.</u>, <u>Malibu Media, LLC v. John Doe</u>, No. 15-CV-1124,

Doc. 13 at 7-8 (M.D. Pa. Aug. 14, 2015) (Jones, J.) (citing <u>Malibu Media</u>, 2012 WL

6203697, at *4; <u>Malibu Media</u>, 2012 WL 3089383, at *8; <u>Third Degree Films</u>, 2011 WL

6837774, at *3).  Consequently, the court finds no basis to quash the instant

subpoena.

### C.    Alternative Relief

John Doe alternatively requests that the court (1) dismiss the complaint

against him and (2) enter a protective order "precluding the public dissemination"

of his identifying information.  (Doc. 11 at 1, 9-11).  John Doe does not articulate

substantive support for either conclusory request, and the court will thus deny

each.  Nonetheless, following the lead of district courts both within and beyond this

circuit, the court will permit John Doe to proceed by pseudonym at this early stage

of the proceeding.  <u>See</u>, <u>e.g.</u>, <u>Malibu Media</u>, No. 1:15-CV-1124, Doc. 13 at 8-9

(collecting cases).

## III.   <u>Conclusion</u>

The court will deny John Doe's motion (Doc. 10) to quash.  An appropriate

order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated:      February 10, 2016