# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

---

MALIBU MEDIA, LLC,

    Plaintiff,

vs.

JOHN DOE subscriber assigned IP address 71.58.216.197,

    Defendant.

Civil Action No. 4:15-cv-2281

*Chief Judge Connor*

---

## DEFENDANT'S MOTION TO DISQUALIFY CHRISTOPHER FIORE, ESQ., AS PLAINTIFF'S COUNSEL

Defendant respectfully moves this court to enter an Order Disqualifying Christopher Fiore, Esq., as Plaintiff's counsel and in support aver as follows:

1. On November 25, 2015, Plaintiff, Malibu Media, LLC., filed suit against Defendant, alleging copyright infringement. (Doc. # 1)

2. On February 18, 2016, Defendant filed a Motion to Disqualify Plaintiff's counsel, Christopher Fiore, because the evidence suggested that attorney Fiore was complicit in fraudulent and/or deceptive business practices.

3. Defendant's motion was denied as untimely. (Doc. # 21)

4. On July 7, 2016, Defendant filed a counterclaim against Plaintiff, as well as Third-party Complaints against Colette Pelissier-Field, Brigham Field, and Christopher Fiore, Esq. (Doc #34).

5. Christopher Fiore, Esq., is himself a named Third-party Defendant in the instant action. While he may defend himself in the Third-party claims, he has a conflict of interest in representing the interest of Malibu Media, LLC., as well as his own interest.

6. Christopher Fiore, Esq., had knowledge that he was named as a defendant prior to filing of a Motion to dismiss Defendant's Counterclaims.

7. Significantly, Malibu Media, LLC., has recently brought an action against its former lead counsel, Keith Lipscomb, Esq., whom was in charge of copyright litigation enterprise. (<u>Malibu Media LLC v. Lipscomb Eisenberg and Baker, PL et al</u>, CACD 2:16-cv-04715 Doc # 1).

8. Malibu Media is owned by Colette Pelissier-Field and Brigham Field.

9. Malibu Media, LLC., allege claims for, *inter alia*, Professional Negligence, Breach of Fiduciary Duty, and violations of Florida Business and Professions Code §§ 17200 et. seq. Id.

10. More specifically, attorney Lipscomb is accused of failing to segregate his client's funds, failing to pay his client proceeds from the copyright

litigation enterprise, and failure to have a written representation and fee agreements. Id.

11. Attorney Lipscomb was the lead counsel for Plaintiff until June of 2016.

12. Attorney Lipscomb is listed as co-counsel to attorney Fiore on many of the Pennsylvania actions filed on behalf of Plaintiff.

13. Attorney Fiore acts as local counsel for Malibu Media, and is supervised by, and acts at the direction of attorney Lipscomb. (PAED 2:12-cv-02084-MMB Doc # 34). The relationship was such that attorney Lipscomb's staff even signed attorney Fiore's name to documents. Id. at page 3, ¶ 3).

14. Evidence presented by Malibu Media, LLC., in it's Complaint against attorney Lipscomb appear to verify some of the allegations made by Defendant against attorney Fiore, including the organization and command structure of the enterprise which purpose was to act as a for-profit business enterprise. (CACD 2:16-cv-04715 Doc # 1).

15. Upon information and belief, the litigation proceeds previously collected by attorney Fiore are also the same client funds now in dispute in the aforementioned litigation.

16. Furthermore, Attorney Lipscomb's malpractice insurance carrier has filed an action to rescind its coverage due to his false statements.  (Markel

<u>Insurance Company v LEB, M. Keith Lipscomb, and Malibu Media,</u> <u>FLSD 16-cv-23234</u>, Doc. #1). Should attorney Lipscomb not be able to fulfill his liability to Malibu Media, it will come looking for it from attorney Lipscomb's co-counsels.

17. It is reasonably foreseeable that attorney Fiore will end up being sued by Malibu Media, LLC., like his co-counsel and supervisor, Keith Lipscomb, Esq.,

18. It is also reasonably believed that attorney Fiore may have filed the instant action without communicating or seeking the approval of Plaintiff and/or conveying settlement offers to Plaintiff as is required.

19. The court, at its discretion, may disqualify an attorney for not only an actual conflict but by a showing of a serious potential for conflict.  <u>Wheat v. United States</u>, 486 U.S. 153, 164, 108 S. Ct. 1692, 1700 (1988).

20. The circumstances at hand are fraught with both actual and potentially serious conflicts which would disqualify attorney Fiore from representing Malibu Media throughout these proceedings.

21. The proceedings will be significantly delayed and Defendant will be prejudiced with appealable issues amongst Plaintiff and the Third-party Defendants due to the conflicts.

WHEREFORE Defendant respectfully request this Court enter an Order disqualifying Christopher Fiore, Esq., as Plaintiff's counsel due to actual or potential serious conflicts of interest.

Dated: August 24, 2016

Respectfully submitted,

/s/Aaron Brooks
Aaron Brooks PA# 207801
Attorney for the Defense
765 Beaver Branch Rd.
Pennsylvania Furnace, PA 16865
(814) 852-8264
ATB15@psu.edu

# **CERTIFICATE OF SERVICE**

I hereby certify that on August 24, 2016, I electronically files the forgoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record through this system.  An additional copies of the Motion were mailed via United States Postal System to the following parties of interest:

*Colette Pelissier-Field*  
409 W. Olympic Blvd., Suite 501  
Los Angeles, CA, 90015

*Brigham Field*  
409 W. Olympic Blvd., Suite 501  
Los Angeles, CA, 90015

Dated: August 24, 2016

Respectfully submitted,

/s/Aaron Brooks  
Aaron Brooks PA# 207801  
Attorney for the Defense  
765 Beaver Branch Rd.  
Pennsylvania Furnace, PA 16865  
(814) 852-8264  
ATB15@psu.edu