**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

----------------------------------------------------------X
                                                          :
MALIBU MEDIA, LLC,                                        :
                                                          : Civil Action No. 4:15-cv-2281
Plaintiff,                                                :
                                                          : *Chief Judge Connor*
vs.                                                       :
                                                          :
JOHN DOE subscriber assigned IP address                   :
71.58.216.197,                                            :
                                                          :
Defendant.                                                :
                                                          :
----------------------------------------------------------X

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO STRIKE THIRD-PARTY DEFENDANT COLETTE PELISSIER-FIELD'S MOTION TO DISMISS AND TO DISQUALIFY CHRISTOPHER FIORE, ESQ., AS COLETTE PELISSIER-FIELD'S COUNSEL**

I.     **INTRODUCTION**

Defendant respectfully requests the Court enter an Order striking the improvidently filed Motion to Dismiss filed on behalf of Third-party Defendant Colette Pelissier-Field (Doc # 40), and also disqualifying Christopher Fiore, Esq., as counsel for Colette Pelissier-Field in the instant action. Attorney Fiore is named as a third-party defendant and has an actual or potential conflict with Colette Pelissier-Field. Attorney Fiore has not filed an entry of appearance on behalf of

Mrs. Pelissier-Field or show any other indication that she wishes attorney Fiore to represent her despite the numerous conflicts involved.

## II. FACTS

On November 25, 2015, Plaintiff, Malibu Media, LLC., (hereinafter "Malibu Media"), filed suit against Defendant, alleging copyright infringement. (Doc. # 1). Defendant timely filed an Answer with Counterclaims and Third-Party Complaints against Colette Pelissier-Field, Brigham Field, and Christopher Fiore, Esq. (Doc # 34). Defendant generally alleges that Malibu Media, through the third-party defendants, conspired and did create a for-profit litigation scheme where they intentionally falsely advertised Malibu Media's content as free to download and share via multiple free adult-oriented websites. (See Answer with Counterclaims and Third-party Complaint, Doc # 34 at ¶¶ 34, 36, 38, 47-73 ). Even though Malibu Media and Colette Pelissier-Field failed to disclose the free distribution network in its initial *ex-parte* filings, after being confronted with evidence to the contrary, Malibu Media has subsequently admitted that it is a registered "content producer with a number of adult tube/streaming websites, including xHamster.com and pornhub.com." (See Plaintiff's Brief in Support of Motion to Dismiss, Doc # 38 at Page 2, ¶ 1). These adult tube/streaming websites are some of the most visited commercial web-sites in the world, boasting millions of individual visitors on a daily basis. These adult tube/streaming websites allow users to download and

share the content posted on their websites.  At all times relative, Malibu Media has publicly held itself out to be a content producer for the free-distribution networks.  At all times relative, hundreds of Malibu Media's videos have been freely distributed via the free distribution websites. Each of Malibu Media's video's posted on the free-sites are accompanied by buttons titled "download" and "share."

Despite Malibu Media's advertisement of itself as a free content producer on the websites, at the direction of Colette Pelissier-Field and Brigham Field, Malibu Media sues thousands of innocent citizens each year for downloading the freely available content.  Despite knowledge of the fraudulent and misleading advertisements, and that Malibu Media's videos have been downloaded and/or shared hundreds of millions of times for free, attorney Fiore files numerous lawsuits on behalf of Malibu Media claiming copyright infringement.  With each suit, attorney Fiore files *ex-parte* motions, signed by Colette Pelissier-Field, denying the existence of free-distribution network and that Mrs. Pelissier-Fied has "never authorized anyone to distribute our work over the internet,…" (See Declaration of Colette Pelissier-Field Doc # [7-1](#) at ¶ 9).  With each suit filed, attorney Fiore collects proceeds from default judgements and quick settlements.  Therefore, attorney Fiore is an active and culpable party to Malibu Media's misdeeds and is equally liable for damages caused.

Of equal or greater significance to this Court's determination of this matter is that Malibu Media, LLC., which is co-owned by Third-Party Defendants, Colette Pelissier-Field and Brigham Field, has filed a lawsuit against its former lead counsel, Keith Lipscomb, Esq., who was in charge of the copyright litigation enterprise.  (Malibu Media LLC v. Lipscomb Eisenberg and Baker, PL et al, CACD 2:16-cv-04715 Doc # 1).  Malibu Media, LLC., alleges claims for, *inter alia*, Professional Negligence, Breach of Fiduciary Duty, and violations of Florida Business and Professions Code §§ 17200 et. seq. Id.  More specifically, attorney Lipscomb is accused of failing to segregate his client's funds, failing to pay his client proceeds from the copyright litigation enterprise, and failure to have written representation and fee agreements. Id.

At all times relevant, attorney Fiore proceeded at the supervision and direction of attorney Lipscomb.  It is upon information and belief that the missing funds are in part shared between attorney Lipscomb and attorney Fiore, creating a serious potential conflict between attorney Fiore, Plaintiff, and other Third-party Defendants.

These actual or potential conflicts are serious enough to warrant this Court disqualifying attorney Fiore from representing Mrs. Pelissier-Field in the immediate proceedings.  Failure to do so will create great prejudice to multiple parties in this action and lead to long delays and disruptions to the proceedings.

### III. <u>QUESTION PRESENTED</u>

Whether Attorney Christopher Fiore, Esq., having adverse interest to those whom he purports to represent, and prejudicing multiple parties by his continued representation, should be disqualified from representation of Colette Pelissier-Field where he is a named third-party defendant?

(Suggested answer in the affirmative).

### IV. <u>ARGUEMENT</u>

Defendant respectfully requests the Court enter an Order Striking the Motion to Dismiss filed by attorney Fiore on behalf of Third-party Defendant, Colette Pelissier-Filed, disqualifying Christopher Fiore, Esq., as counsel for Plaintiff in the instant action.  Attorney Fiore is a named third-party defendant and has an actual or potential conflict with Plaintiff.  Attorney Fiore has not entered an appearance on behalf of Mrs. Pelissier-Field, nor has Mrs. Pelissier-Field given any indication that she has consented to a named co-defendant entering the complained of Motion to Dismiss.

Pursuant to the Federal Rules of Civil Procedure, Rule 12(f), This Court may strike any pleading which is redundant, immaterial, impertinent, or scandalous. The Motion to Dismiss Defendant's Third-party Complaint was imprudently filed by attorney Fiore who has neither entered and appearance on behalf of Mrs.

Pelissier-Field, nor shown an indication that Mrs. Pelissier-Field intends for attorney Fiore to represent her in the proceedings.

"A motion to disqualify counsel is the proper method for a party-litigant to bring the issues of a conflict of interest or breaches of ethical duties to the attention of the court." Musicus v. Westinghouse Elec. Corp., 621 F.2d 742, 744 (5th Cir. 1980), *citing* E.F. Hutton & Co. v. Brown, 305 F. Supp. 371, 376 (S.D. Tex. 1969). The court, at its discretion, may disqualify an attorney for not only an actual conflict but by a showing of a serious potential for conflict.  Wheat v. United States, 486 U.S. 153, 164, 108 S. Ct. 1692, 1700 (1988).   Standing is not generally an issue when determining motions to disqualify counsel for a conflict of interest, any party may raise the concern. Kevlik v. Goldstein, 724 F.2d 844, 847-48 (1st Cir. 1984)

While litigants do have a right to be represented by a counsel of their choice, this right is not absolute and the attorney must not have a conflict of interest with another party. McCuin v. Tex. Power & Light Co., 714 F.2d 1255, 1262 (5th Cir. 1983). The right to counsel of one's choice may be overridden when "compelling reasons exist." Id. at 1263

In both civil and criminal cases, the judge must determine the "possibility of a conflict of interest and, even if an actual conflict is not apparent, ascertain

whether there is a possibility that a conflict will develop and whether the effective and fair administration of justice would be adversely affected by continued joint representation." Id. at 1263-64.

Furthermore, allowing an attorney to represent multiple litigants with adverse interests hinders the ability of parties to seek resolutions outside of the courtroom. Holloway v. Arkansas, 435 U.S. 475, 490, 98 S. Ct. 1173, 1181 (1978)

Attorney Fiore is currently attempting to represent Malibu Media, Colette Pelissier-Field, as well as potentially himself. These parties all have divergent interests which will lead to delays and disruptions of the ongoing proceedings. It is respectfully requested that this Honorable Court enter an Order Striking the Motion to Dismiss, and disqualifying attorney Fiore from the instant proceedings and giving Mrs. Pelissier-Filed fourteen (14) days to find a new counsel and file an Answer. The parties have already had six months of notice of the conflicts involved and cannot claim it is surprised by the instant Motion.

Dated: August 24, 2016

Respectfully submitted,

/s/Aaron Brooks
Aaron Brooks PA# 207801
Attorney for the Defense
765 Beaver Branch Rd.
Pennsylvania Furnace, PA 16865
(814) 852-8264

ATB15@psu.edu

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 24, 2016, I electronically filed the forgoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record through this system.  Additional copies of the Motion were mailed via United States Postal System to the following parties of interest:

*Colette Pelissier-Field*  
409 W. Olympic Blvd., Suite 501  
Los Angeles, CA, 90015

*Brigham Field*  
409 W. Olympic Blvd., Suite 501  
Los Angeles, CA, 90015

Dated: August 24, 2016

Respectfully submitted,

/s/Aaron Brooks  
Aaron Brooks PA# 207801  
Attorney for the Defense  
765 Beaver Branch Rd.  
Pennsylvania Furnace, PA 16865  
(814) 852-8264  
ATB15@psu.edu