IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MALIBU MEDIA, LLC,** | : | CIVIL ACTION NO. 4:15-CV-2281 |
| | : | |
|     **Plaintiff and Counterclaim** | : | (Chief Judge Conner) |
|     **Defendant,** | : | |
| | : | |
|     v. | : | |
| | : | |
| **JOHN DOE subscriber assigned IP** | : | |
| **Address 71.58.216.197,** | : | |
| | : | |
|     **Defendant, Counterclaim** | : | |
|     **Plaintiff, and Third-Party** | : | |
|     **Plaintiff,** | : | |
| | : | |
|     v. | : | |
| | : | |
| **CHRISTOPHER FIORE, BRIGHAM** | : | |
| **FIELD, and COLETTE PELISSIER-** | : | |
| **FIELD,** | : | |
| | : | |
|     **Third-Party Defendants** | : | |

## **MEMORANDUM**

Defendant, counterclaim plaintiff, and third-party plaintiff John Doe moves the court to disqualify Christopher Fiore, Esquire ("Attorney Fiore"), as counsel in the above-captioned action based upon Attorney Fiore's status as a third-party defendant. John Doe argues that Attorney Fiore's cotemporaneous representation of both himself and two clients in this action constitutes an impermissible conflict of interest. Attorney Fiore vigorously opposes John Doe's motion.

I. **Factual Background and Procedural History**

This action is one of many similar copyright infringement actions filed in this judicial district and in federal district courts throughout the country. Malibu filed a one-count complaint (Doc. 1) against John Doe on November 25, 2015, asserting a claim for violation of the Copyright Act, 17 U.S.C. § 501 *et seq.* Therein, Malibu contends that it is registered owner of certain copyrights and that John Doe downloaded, copied, and redistributed copies of its copyrighted works without authorization. (See Doc. 1 ¶¶ 2-3, 23-24). According to Malibu, John Doe used BitTorrent, a "common peer-to-peer file sharing system," to unlawfully download and redistribute its copyrighted works. (Id. ¶¶ 11-26). Malibu avers that Excipio GmbH, its forensic investigator, was able to download from John Doe each of the twenty copyrighted works listed in the first exhibit to its complaint. (Id. ¶¶ 19-23, 25; see also id. Ex. A).

On December 1, 2015, Malibu moved the court for leave to file a third-party subpoena on Comcast prior to a Rule 26(f) conference, hoping to ascertain John Doe's identity. (Doc. 6). The court granted Malibu's motion, (Doc. 8), and Malibu thereupon served its subpoena on Comcast, seeking John Doe's name and contact information. (Doc. 11 at 1). John Doe moved to quash the subpoena, (Doc. 10), and Malibu did not file opposition papers. By memorandum opinion dated February 10, 2016, the court denied John Doe's motion to quash, but granted John Doe's request that he be permitted to proceed by pseudonym during the preliminary phase of this litigation. Malibu Media, LLC v. Doe, No. 4:15-CV-2281, 2016 WL 524248, at *2-3 (M.D. Pa. Feb. 10, 2016).

John Doe initially moved to disqualify Attorney Fiore as counsel to Malibu on February 18, 2016. (Doc. 15). The court denied John Doe's early disqualification motion as premature, but without prejudice, during a telephonic case management conference on March 17, 2016. (See Doc. 21). Malibu thereafter learned John Doe's identity and requested leave of court to file an amended pleading, under seal, identifying John Doe by name to obtain a proper summons. (Doc. 25). The court granted Malibu's motion, (Doc. 27), and Malibu filed both a redacted, unsealed amended complaint (Doc. 28) and an unredacted, sealed amended complaint (Doc. 31).

John Doe answered the amended complaint on July 8, 2016, denying Malibu's allegations and asserting counterclaims and third-party claims against Malibu and Attorney Fiore, as well as Brigham Field ("Field") and Colette Pelissier Field ("Pelissier Field"), husband and wife and co-owners of Malibu. (Docs. 33-34). In sum, John Doe charges the collective counterclaim and third-party defendants with advertising Malibu's video content for "free" download on many third-party websites, only to later sue individuals who download those same free videos, either via third-party website or torrent programs, for copyright infringement. (See Doc. 33 ¶¶ 44-73, 92, 138, 147, 173, 181, 192). Against Malibu, Attorney Fiore, Field, and Pelissier Field, John Doe asserts claims for fraud (Count I, III, IV, V) and violations of the Racketeering and Corrupt Organizations ("RICO") Act, 18 U.S.C. § 1962(a)-(c) (Count VI). John Doe asserts a separate claim for violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law, 73 PA. STAT. AND CONS. STAT. ANN. § 201 *et seq.* (Count II) against Malibu.

Attorney Field filed timely motions (Docs. 36, 40) to dismiss John Doe's claims on behalf of Malibu and Pelissier Field. On August 24, 2016, John Doe filed the instant motions (Docs. 41, 43) to disqualify Attorney Fiore as counsel to Malibu and Pelissier Field given Attorney Fiore's status as a third-party defendant. John Doe also requests that the court strike the motion (Doc. 40) filed by Attorney Fiore on Pelissier Field's behalf given his perceived conflict. (See Doc. 43). The court suspended the briefing schedule on the motions (Docs. 36, 40) to dismiss pending resolution of John Doe's motions (Docs. 41, 43) to disqualify Attorney Fiore. The disqualification motions are now ripe for disposition. (Docs. 41-44, 46).

## II. Standard of Review

Federal courts possess "inherent authority" to supervise the professional conduct of attorneys practicing before them. United States v. Miller, 624 F.2d 1198, 1201 (3d Cir. 1980); Commonwealth Ins. Co. v. Graphix Hot Line, Inc., 808 F. Supp. 1200, 1203 (E.D. Pa. 1992). Such supervision "is a matter of federal law," Miller, 624 F.2d at 1200, but is guided by "[s]tate precedents as to professional responsibility." Century Indem. Co. v. Congoleum Corp., 426 F.3d 675, 687 (3d Cir. 2005).

Attorney conduct in this judicial district is governed by the Pennsylvania Rules of Professional Conduct. See LOCAL RULES OF COURT 83.23.2. Violation of the Pennsylvania rules, however, does not automatically equate to disqualification. See Kaleta v. Clausi, No. 4:12-CV-1987, 2013 WL 1804203, at *5 (M.D. Pa. Apr. 29, 2013). Rather, a party seeking disqualification must clearly demonstrate that continued representation would be "impermissible." In re Rite Aid Corp. Sec. Litig., 139 F. Supp. 2d 649, 656 (E.D. Pa. 2001). Doubts with respect to ethical violations "should

4

generally be resolved in favor of disqualification." Id. (citing IBM Corp. v. Levin, 579 F.2d 271, 283 (3d Cir. 1978)).  The decision to disqualify counsel "is committed to the sound discretion of the district court." Miller, 624 F.2d at 1201.

### III. Discussion

John Doe contends that Attorney Fiore's continued representation of Malibu and Pelissier Field violates Pennsylvania rules concerning conflicts of interest.  (See Doc. 42 at 5-6; Doc. 44 at 6-7).  Pennsylvania Rule of Professional Conduct 1.7 governs conflicts of interest and provides:

> (a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest.  A concurrent conflict of interest exists if:
>
> (1) the representation of one client will be directly adverse to another client; or
>
> (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.

PA. R. PROF'L CONDUCT 1.7(a).  However, the Rules also permit clients to waive a concurrent conflict when: (1) counsel "reasonably believes" he or she can provide "competent and diligent representation" to each client; (2) the representation is not otherwise prohibited by law; (3) the representation does not encompass assertion of a claim by one client against another; and (4) both clients give "informed consent." PA. R. PROF'L CONDUCT 1.7(b).  Informed consent "denotes the consent by a person to a proposed course of conduct after the lawyer has communicated adequate

information and explanation about the material risks of and reasonably available alternatives to the proposed course of conduct." PA. R. PROF'L CONDUCT 1.0(e).

John Doe contends that Attorney Fiore's attempted representation of himself, Malibu, and Pelissier Field is rife with conflicting interests. He suggests that Attorney Fiore, Malibu, and Pelissier Field "all have divergent interests which will lead to delays and disruptions of the ongoing proceedings." (Doc. 42 at 6; Doc. 44 at 7). Attorney Fiore rejoins that his interests align with those of his clients, that neither Attorney Fiore nor his clients intend to bring claims against the other, and that John Doe's instant motion is "designed to harass" opposing counsel. (See Doc. 46 at 8, 11-14). Further, Attorney Fiore submits an affidavit authored by Pelissier Field expressly waiving "any and all conflicts on behalf of myself and Malibu . . . ." (Doc. 46-1 ¶ 14).

Notwithstanding Attorney Fiore's protestations to the contrary, the court finds that John Doe's claims create potential conflicts of interests between Attorney Fiore and his codefendant clients. John Doe's claims call into question Attorney Fiore's representation of Malibu and Pelissier Field, his litigation tactics, and his professional conduct. John Doe specifically charges that Attorney Fiore knew of and intentionally concealed from Malibu's complaint the fact that Malibu offers much of its material for free download. (Doc. 34 ¶¶ 192-98). John Doe, in essence, suggests that Attorney Fiore violated his ethical duty of candor to the court, as well as ethical duties to his clients, in the course of his representation. (See id.)

Such a claim, if proved, may result in separate litigation between Attorney Fiore and his clients, despite Pelissier Field's present intention not "to bring any

6

claims against" Attorney Fiore. (Doc. 46-1 ¶ 11). At least one court within this circuit has held that the potential for derivative claims between counsel and client precludes counsel from effectively and ethically representing both interests in the same litigation. See, e.g., Lease v. Rubacky, 987 F. Supp. 406, 406-08 (E.D. Pa. 1997).

Moreover, John Doe's fraud claim and punitive damages request each encompass state of mind components—charging that Attorney Fiore, Malibu, and Pelissier Field acted knowingly, recklessly, or with "evil motive." (Doc. 33 ¶¶ 104, 119-22, 124-34, 136-49, 225-26). Malibu and Pelissier Field's potential theories of defense—including any argument that they relied on advice of their counsel in taking the challenged actions—would directly implicate Attorney Fiore, pitting counsel's and clients' interests against one another. Under such circumstances, the court cannot but conclude that Attorney Fiore's contemporaneous representation of his codefendant clients and himself contravenes Rule 1.7.

Attorney Fiore also contends, *arguendo*, that his clients have waived any conflict of interest as contemplated by Rule 1.7(b). The defects in this contention are twofold. First, given the nature of the conflicts *sub judice*, the court harbors serious doubt whether Attorney Fiore could "reasonably believe" that his personal interests will not adversely affect his representation of Malibu and Pelissier Field. See PA. R. PROF'L CONDUCT 1.7(b)(1). Indeed, conflicts of this nature have been deemed to be "so egregious that a client cannot agree to waive them." Lease, 987 F. Supp. at 407 (citing Kaiser v. Stewart, No. 96-6643, 1997 WL 186329, at *3 (E.D. Pa. Apr. 10, 1997)).

7

Second, there is no indication in Pelissier Field's conclusory waiver of "any and all conflicts" that Attorney Fiore actually obtained informed consent as defined by the Rules. (See Doc. 46-1 ¶ 14); see also PA. R. PROF'L CONDUCT 1.0(e). Pelissier Field and Attorney Fiore neither assert nor imply that Attorney Fiore explored the conflict of interest, its implications and risks, or potential alternatives with Pelissier Field. (Doc. 46 at 8; Doc. 46-1 ¶ 14). The court rejects Attorney Fiore's contention that the instant conflict falls within the exception to the general prohibition of concurrent conflicts established by Rule 1.7(b).

Additionally, the court finds that Rule 3.7 of the Rules of Professional Conduct would separately disqualify Attorney Fiore as counsel to Malibu and Pelissier Field in this action. Rule 3.7 bars a lawyer from acting as an advocate at trial in any matter "in which the lawyer is likely to be a necessary witness," subject to a handful of exceptions not applicable here. PA. R. PROF'L CONDUCT 3.7(a). Given the allegations lodged by John Doe against Attorney Fiore, Malibu, and Pelissier Field, it is all but certain that Attorney Fiore will be called to testify as a fact witness at trial. Attorney Fiore's continued participation as counsel in this matter is impermissible for this additional reason. Cf. Lease, 987 F. Supp. at 408 n.4.

Attorney Fiore lastly asserts that the instant motion to disqualify is designed exclusively to harass him and his clients and to "gain a tactical advantage in this litigation." (Doc. 46 at 11). Attorney Fiore is correct that motions to disqualify are subject to abuse and must be carefully scrutinized by district courts. As this court has observed, "the court must prevent litigants from using motions to disqualify opposing counsel for tactical purposes." Kaleta v. Clausi, 2013 WL 1804203, at *6

(quoting Hamilton v. Merrill Lynch, 645 F. Supp. 60, 61 (E.D. Pa. 1986)).  However, having found not one but two bases for Attorney Fiore's disqualification *sub judice*, the court rejects his intimation that the instant motion is baseless.

One final matter warrants discussion.  In addition to the meritorious arguments engaged above, John Doe includes in his motion manifold and spurious allegations of misconduct by Attorney Fiore beyond perceived conflicts of interest.  For instance, John Doe speculates that Attorney Fiore *may* have commenced this and other actions without Malibu's permission.  (Doc. 41 ¶ 18; Doc. 43 ¶ 20).  John Doe also suggests that Attorney Fiore *might* have colluded with Malibu's former counsel—the latter of whom is engaged in separate litigation against Malibu—in mishandling Malibu's funds.  (Doc. 41 ¶¶ 10-17; Doc. 43 ¶¶ 12-19).  To be clear, the court has neither credited nor relied upon these assertions in resolving the instant motion.  The court finds sufficient grounds to disqualify Attorney Fiore based on the conflict of interest and lawyer-as-witness provisions of the Pennsylvania Rules of Professional Conduct.[1]

---

[1] The court emphasizes that the above analysis and disposition are not intended, and should not be taken, as a reflection on Attorney Fiore's abilities or his performance in this case to date.  To date, Attorney Fiore has performed his duties professionally before the undersigned.  Nonetheless, the result reached herein is compelled by proper application of the Rules of Professional Conduct, the best interests of the parties, and the court's independent obligations to insure the integrity of these proceedings and to maintain public confidence in the judiciary.

**IV.     Conclusion**

The court will grant John Doe's motions (Doc. 41, 43) to disqualify Attorney Fiore as counsel to Malibu and Pelissier Field in this litigation.[2]  The court will deny John Doe's unsupported request (Doc. 43) to strike the motion (Doc. 40) to dismiss filed on Pelissier Field's behalf by Attorney Fiore.  The court will leave the decision whether to pursue or withdraw said motion to the discretion of Pelissier Field's successor counsel.  An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated:     October 25, 2016

---

[2] The record reflects that John Doe has not yet served the third-party complaint (Doc. 34) on third-party defendant Brigham Field.  The court observes that the analysis herein would apply with equal force to prohibit Attorney Fiore's representation of this additional third-party defendant.