# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MALIBU MEDIA, LLC,  <br><br>  Plaintiff and Counterclaim Defendant,  <br><br> v.  <br><br> DOE Subscriber Assigned IP Address 71.58.216.197,  <br><br>  Defendant, Counterclaim Plaintiff, and Third-Party Plaintiff  <br><br> v. CHRISTOPHER FIORE, BRIGHAM FIELD, and COLETTE PELISSIER-FIELD,  <br><br>  Third-Party Defendants. | CASE NO. 4:15-cv-02281-CCC |

## THIRD-PARTY DEFENDANT CHRISTOPHER FIORE'S OBJECTION TO THE REQUEST FOR CLERK'S ENTRY OF DEFAULT

Third Party-Defendant, Christopher Fiore Esq., ("Undersigned") objects to Defendant's Request for Clerk's Entry of Default and states as follows:

1.  On July 21, 2016 Defendant, after being sued by Plaintiff, filed a counterclaim and third-party Complaint against undersigned for his representation of Plaintiff in the action against Defendant. *See* CM/ECF 34.

2. On August 24, 2016, Defendant filed a Motion to Disqualify undersigned as counsel for Plaintiff, and third-party Defendant Colette Pelissier Field. *See* CM/ECF 41.

3. Because of Defendant's Motion to disqualify, the Court stayed the pending Motions to Dismiss filed by Plaintiff and Ms. Pelissier Field. *See* CM/ECF 45.

4. Undersigned accepted service of John Doe's summons and third-party complaint on August 27, 2016. *See* CM/ECF 47. Undersigned's deadline to respond to Defendant's Complaint would have been October 26, 2016.

5. On October 18, 2016, the Court further stayed "pretrial deadlines pending resolution of John Doe's motions to disqualify Attorney Fiore." *See* CM/ECF 50.

6. After the Court's order staying pretrial deadlines, undersigned believed all deadlines in this case were stayed, including any responsive pleading by undersigned to Defendant's Third Party claim. Because of this, on October 26, 2016, undersigned did not file a Motion to Dismiss, awaiting further order of the Court to reset all deadlines and, if necessary, designate a briefing schedule.

7. On November 9, 2016 John Doe Filed a Request for Clerk's Entry of Default. *See* CM/ECF 58. At the time of this Objection, the Clerk has not entered default.

8.	Undersigned objects to Defendant's request for Clerk's default on the basis that (1) it was his belief that the Court stayed all pretrial deadlines and therefore any default was on the basis of inadvertence and excusable neglect and (2) undersigned has appeared in this case and therefore Defendant's request for Clerk's default is improper, and his affidavit false.

9.	Indeed, under Fed. R. Civ. P. 55(b) the Clerk of Court "can enter the default if the plaintiff's claim against a defendant is for a sum certain . . . and if the defendant has been defaulted for failure to appear. Thus, the rule applies only to parties who have never appeared in the action." *Bush v. Wash. State Emples.*, No. CV-08-5063-RMP, 2011 U.S. Dist. LEXIS 30176, at *6 (E.D. Wash. Mar. 22, 2011)

10.	Undersigned sincerely apologizes for the inadvertence and belief that all deadlines were stayed.  It was not undersigned's intent to delay the proceedings. Contemporaneously with this objection, undersigned is filing a Motion for Extension of Time to Respond to Defendant's Third Party Claims.

11.	John Doe has filed third-party claims accusing undersigned of fraud and of violating the RICO statute. An Entry of Default on such claims would be highly prejudicial to undersigned and such a result is unwarranted given the good faith mistake leading to any failure to file a responsive pleading.

12.     Based on the foregoing, undersigned respectfully requests that John Doe's Request for Entry of Default be denied.

Dated: November 15, 2016

Respectfully submitted,

FIORE & BARBER, LLC

 /s/ *Christopher P. Fiore*
Christopher P. Fiore, Esquire
418 Main Street, Suite 100
Harleysville, PA 19438
Tel: (215) 256-0205
Fax: (215) 256-9205
E-mail: cfiore@fiorebarber.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on November 9, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.