## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MALIBU MEDIA, LLC,<br><br>　　　　Plaintiff and Counterclaim<br>　　　　Defendant,<br><br>v.<br><br>DOE Subscriber Assigned IP Address<br>71.58.216.197,<br><br>　　　　Defendant, Counterclaim<br>　　　　Plaintiff, and Third-Party<br>　　　　Plaintiff<br><br>v. CHRISTOPHER FIORE,<br>BRIGHAM FIELD, and COLETTE<br>PELISSIER-FIELD,<br><br>　　　　Third-Party Defendants. | **CASE NO. 4:15-cv-2281** |

## CHRISTOPHER FIORE'S MOTION TO DISMISS DEFENDANT'S THIRD PARTY CLAIMS

Third Party Defendant Christopher Fiore, Esq. ("Undersigned"), pursuant to Fed. R. Civ. P. 12, hereby moves for the entry of an order dismissing the third-party claims [CM/ECF No. 34] ("Third-Party claims") filed by Defendant and files the following in support[1]:

　　　1.　　Defendant alleges third-party claims against undersigned for (1) fraud;

---

[1] Pursuant to L.R. 7.5 undersigned will file its Memorandum in Support of its Motion to Dismiss within 14 days.

1

(2) Racketeering and Corrupt Organizations Act; and (3) Punitive Damages.

2.      Each of Defendant's counterclaims should be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

3.      "Federal Rule of Civil Procedure 9(b) requires that a plaintiff plead 'with particularity the circumstances constituting fraud.' To satisfy this heightened pleading standard, a plaintiff must plead or allege the date, time, and place of the alleged fraud, or otherwise "inject precision or some measure of substantiation" into her allegations." *Grey v. Johansson*, No. 15-2479, 2016 U.S. Dist. LEXIS 53931, at *17-18 (E.D. Pa. Apr. 21, 2016). "Each element of the claim must be proven by clear and convincing evidence." *Norfolk S. Ry. Co. v. Pittsburgh & W. Va. R.R.*, 2015 U.S. Dist. LEXIS 172477, *79 (W.D. Pa. Dec. 29, 2015) (citing Tunis Bros. Co. v. Ford Motor Co., 952 F.2d 715, 731 (3d Cir. 1991)).  In Pennsylvania, the elements of fraud are: "(1) [a] representation (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false; (4) with the intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and, (6) the resulting injury was proximately caused by the reliance." *Ira G. Steffy & Son, Inc. v. Citizens Bank of Pa*., 2010 PA Super 175, 7 A.3d 278, 290.

4.      "[A]n offer to settle for an amount within the statutory damage range and supported on factual grounds is not 'conduct involving fraud, deceit,

unconscionability, or bad faith.'" *Purzel Video GmbH v. St. Pierre,* 10 F. Supp. 3d 1158, 1169 (D. Colo. 2013).

5.     Defendant's claim should be dismissed because he does not allege any activity that constitutes fraud.

6.     Moreover, Defendant's claim for fraud should be dismissed because regular attorney conduct is shielded by the judicial privilege.  "Church Mutual's negligent misrepresentation claim is premised entirely on filings and pleadings submitted by the lawyer Defendants during the regular course of judicial proceedings in which they sought payment on the chiller and hurricane claims; such a claim is barred by the judicial privilege." *Church Mut. Ins. Co. v. All. Adjustment Grp*., 102 F. Supp. 3d 719, 730 (E.D. Pa. 2015).  Here, all conduct that Defendant alleges against undersigned occurred during the normal representation of a client and therefore is barred by the judicial privilege.

7.     Underisgned moves to dismiss Defendant's counterclaim for a violation of the Racketeering and Corrupt Organizations Act ("RICO") under Fed. R. Civ. P. 12(b) because Defendant failed to properly plead the elements of RICO.

8.     "To state a civil RICO claim, a plaintiff must plausibly allege the following elements: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Sedima, S.P.R.L. v. Imrex Co*., 473 U.S. 479, 496, 105 S. Ct. 3275, 87 L. Ed. 2d 346 (1985). The statute defines [*40]  "racketeering activity" by

enumerating a list of predicate acts. See 18 U.S.C. § 1961(1). A "pattern" of racketeering activity, in turn, requires at least two predicate acts of racketeering activity. See id. § 1961(5). The law is well-settled that, without at least two predicate acts, a plaintiff cannot possibly succeed on his federal RICO claims. See Ideal Dairy Farms, Inc. v. John Labatt, Ltd., 90 F.3d 737, 747 (3d Cir. 1996)." *Burrell v. Loungo*, No. 3:14-cv-01891, 2016 U.S. Dist. LEXIS 94561, at *39-40 (M.D. Pa. July 18, 2016)

9.     Here, all Plaintiff did was file a valid lawsuit.  This is not "racketeering activity."   Significantly, "an outside professional, such as an attorney, 'does not conduct an enterprises's affairs through run-of-the-mill provision of professional services." citing *Handeen v. Lemaire*, 112 F.3d 1339, 1348 (8th Cir. 1997).  *See also Bolick v. Ne. Indus. Servs. Corp.*, No. 4:14-CV-00409, 2015 U.S. Dist. LEXIS 16704, at *31 (M.D. Pa. Jan. 14, 2015) (Defendant's third-party complaint "fails to adequately allege that any particular defendant participated in the operation or management of the purported enterprise itself, as opposed to simply providing run-of-the-mill commercial, professional, or governmental services in the conduct of their own respective businesses that just happen to benefit the purported enterprise.")

10.     Defendant cannot point to the underlying federal crime committed by undersigned, Malibu Media or any of the other third parties.  By filing this lawsuit, Plaintiff did not engage in "racketeering activity" because copyright infringement is

4

a strict liability tort.  *See Gordon v. Pearson Educ., Inc*., 85 F. Supp. 3d 813, 820 (E.D. Pa. 2015) (Holding that a defendant's intent to infringe is not material to a copyright infringement claim.)  "A majority of federal jurisdictions have held that a threat to file a lawsuit unless a settlement demand is accepted, regardless of whether the threat was made in good faith, is not a wrongful threat within the meaning of extortion statutes."  *Atl. Recording Corp. v. Raleigh*, No. 4:06-CV-1708 CEJ, 2008 U.S. Dist. LEXIS 62977, at *14 (E.D. Mo. Aug. 18, 2008).  "Plaintiffs argue that threats of litigation and demands for settlement do not constitute extortion within the meaning of RICO. The Court agrees."  *Id.*

11.     Defendant's allegations of fraud must be plead with particularity to establish the RICO claim.  *See e.g. Shuttlesworth v. Hous. Opportunities Made Equal*, 873 F. Supp. 1069, 1077-78 (S.D. Ohio 1994) ("at a minimum," a plaintiff must identify "the time, the place, or the content of any fraudulent statement made via wire or mail" in order to maintain a RICO claim."

12.     Moreover, Defendant is unable to show that undersigned or Malibu Media operated an "enterprise."  The Third Circuit has held that "we must examine the enterprise allegation to determine whether it is no more than an association of individuals or entities acting on behalf of a defendant corporation."  *Brittingham v. Mobil Corp*., 943 F.2d 297, 301 (3d Cir. 1991).  "We believe a § 1962(c) enterprise must be more than an association of individuals or entities conducting the normal

affairs of a defendant corporation… the Enright rule would be eviscerated if a plaintiff could successfully plead that the enterprise consists of a defendant corporation in association with employees, agents, or affiliated entities acting on its behalf." *Id.* Here, Defendant alleges Malibu Media, Colette Pelissier, her husband Brigham Field and undersigned, as Malibu Media's attorney, operated an enterprise – but Defendant fails to explain exactly what the "enterprise" is. "[A] complaint must include an allegation that the enterprise included some person or entity operating outside of the defendant's or defendants' normal scope of business." *Metcalf v. PaineWebber Inc.*, 886 F. Supp. 503, 513-14 (W.D. Pa. 1995). Defendant fails to explain how the third-party claimants and Plaintiff are operating outside the normal scope of business.

13.    Finally, Defendant is unable to show that any alleged activity on behalf of undersigned, Malibu Media or the other third-party claimants caused injury to his business or property. Defendant has not paid any money, nor alleged that his business or personal property was damaged.

14.    Defendant's third-party claim for Punitive Damages should be dismissed because Punitive Damages is not an independent cause of action. "[U]nder Pennsylvania law '(t)he right to punitive damages is a mere incident to a cause of action . . . and not the subject of an action in itself.'" *Baram v. Farugia*, 606 F.2d 42, 46 (3d Cir. 1979).

6

15.    Additionally, undersigned moves to dismiss Defendant's third-party claims because they are barred by the Noerr-Pennington doctrine.

16.    "The Noerr-Pennington doctrine derives from the United States Supreme Court's holdings in Eastern Railroad Presidents Conference v. Noerr Motor Freight, Inc., 365 U.S. 127, 5 L. Ed. 2d 464, 81 S. Ct. 523 (1961) ("Noerr"), and United Mine Workers v. Pennington, 381 U.S. 657, 14 L. Ed. 2d 626, 85 S. Ct. 1585 (1965) ("Pennington"), wherein the Court held that an individual is immune from liability for exercising his or her First Amendment right to petition the government." *Zemenco, Inc. v. Developers Diversified Realty Corp.*, Civil Action No. 03-175 Erie, 2005 U.S. Dist. LEXIS 23011, at *27 (W.D. Pa. Oct. 7, 2005).

17.    The Noerr-Pennington Doctrine shields from claims that arise from the plaintiff filing a lawsuit, like here.  "Plaintiffs contend that even if defendant's counterclaim was sufficiently pled, it would nevertheless be barred by the Noerr-Pennington Doctrine.  We agree." *UMG Recordings, Inc. v. Martino*, No. 4:08-CV-1756, 2009 U.S. Dist. LEXIS 33530, at *7 (M.D. Pa. Apr. 21, 2009) (dismissing counterclaims in copyright infringement peer to peer infringement action.)  Here, the Noerr-Pennington Doctrine applies to undersigned as an agent for Plaintiff.

18.    "Traditionally, the Noerr-Pennington Doctrine is applied in an anti-trust context; however, because it is based on the First Amendment right to petition courts, the Supreme Court has since extended the doctrine to include all types of

7

government entities, including the courts." *Motown Record Co., L.P. v. Kovalcik*, No. 07-CV-4702, 2009 U.S. Dist. LEXIS 14217, at *14 (E.D. Pa. Feb. 23, 2009) (applying Noerr-Pennington in a similar copyright litigation case).

19.   Defendant's third-party claims strike at Plaintiff's core ability to petition the government and seek redress for its claims.

20.   Finally, Defendant's claims are, at best, a repackaging of a malicious prosecution claim, and therefore premature.  Defendant's mail and wire fraud claims are at most "a potential yet still inchoate claim for malicious prosecution or abuse of process" where "the gravamen of [Defendant's] Complaint . . . is  patently directed at [the Plaintiff's] filing of, or participation in, the various legal actions pending against [Defendant]"; *Von Bulow v. Von Bulow*, 657 F. Supp. 1134, 1140-42 (S.D.N.Y. 1987) (finding that the "essence of the stated [fraud] claim" sounds in malicious prosecution where plaintiffs' allegations "closely parallel[ed] the elements of malicious prosecution claim). This is important because under Pennsylvania law, "it is premature to assert a counterclaim for malicious prosecution in the action which is alleged to have been maliciously or wrongfully brought." *Minnesota Corn Processors, Inc. v. McCormick*, 2000 U.S. Dist. LEXIS 9441 (E.D. Pa. July 7, 2000).

21.   These actions by Defendant are merely an attempt to avoid liability for his admitted copyright infringement.  Because Defendant has not yet been found liable, Defendant cannot allege that he has suffered any injury or harm.  Moreover,

if Defendant is found liable, Plaintiff's complaint will likewise be found to be valid

and enforceable, nullifying Defendant's claims.

WHEREFORE, third-party Christopher Fiore, Esq. respectfully requests entry

of an Order:

(A)    Dismissing Defendant's third-party claims for (1) fraud; (2)

Racketeering and Corrupt Organizations Act; and (3) Punitive Damages;

(B)    Granting such other and further relief as the Court deems just and

proper.

Respectfully submitted,

FIORE & BARBER, LLC

/s/ *Christopher P. Fiore*
Christopher P. Fiore, Esquire
418 Main Street, Suite 100
Harleysville, PA 19438
Tel: (215) 256-0205
Fax: (215) 256-9205
E-mail: cfiore@fiorebarber.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 6, 2016, I electronically filed the
foregoing document with the Clerk of the Court using CM/ECF and that service
was perfected on all counsel of record and interested parties through this system.

/s/ *Christopher P. Fiore*