IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MALIBU MEDIA, LLC,** : | CIVIL ACTION NO. 4:15-CV-2281 |
| : | |
| **Plaintiff and Counterclaim** : | (Chief Judge Conner) |
| **Defendant,** : | |
| : | |
| v. : | |
| : | |
| **JOHN DOE subscriber assigned IP** : | |
| **Address 71.58.216.197,** : | |
| : | |
| **Defendant, Counterclaim** : | |
| **Plaintiff, and Third-Party** : | |
| **Plaintiff,** : | |
| : | |
| v. : | |
| : | |
| **CHRISTOPHER FIORE, BRIGHAM** : | |
| **FIELD, and COLETTE PELISSIER-** : | |
| **FIELD,** : | |
| : | |
| **Third-Party Defendants** : | |

## ORDER

AND NOW, this 8th day of December, 2016, upon consideration of the motion (Doc. 57) for reconsideration filed by Christopher Fiore, Esquire ("Attorney Fiore"), wherein Attorney Fiore seeks reconsideration of the court's memorandum and order (Docs. 52-53) of October 25, 2016, granting plaintiff John Doe's request to disqualify Attorney Fiore as counsel in this matter and specifically finding that John Doe's counterclaims and third-party claims create potential conflicts of interest between Attorney Fiore, a third-party defendant, and the parties he seeks to represent herein, and the court emphasizing that the purpose of a motion for reconsideration is to present newly discovered evidence or to correct manifest errors of law or fact, see Max's Seafood Café v. Quinteros, 176 F.3d 669, 677-78 (3d

Cir. 1999); Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), and noting that the court possesses an inherent power to reconsider its orders "when it is consonant with justice to do so," United States v. Jerry, 487 F.2d 600, 605 (3d Cir. 1973); Alea N. Am. Ins. Co. v. Salem Masonry Co. 301 F. App'x 119, 121 (3d Cir. 2008), but that such relief is to be granted "sparingly," Montanez v. York City, Civ. No. 12-CV-1530, 2014 WL 3534567, at *7 (M.D. Pa. July 16, 2014) (quoting Cont'l Casualty Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995)), and that a party may not invoke a motion for reconsideration as a means to relitigate matters already resolved by the court, see Boretsky v. Governor of N.J., 433 F. App'x 73, 78 (3d Cir. 2011) (quoting Wilchombe v. TeeVee Toons, Inc., 555 F.3d 949, 957 (11th Cir. 2007)), nor is a motion for reconsideration "an opportunity for a party to present previously available evidence or new arguments," Federico v. Charterers Mut. Assurance Ass'n Ltd., 158 F. Supp. 2d 565, 577 (E.D. Pa. 2001); see also Harsco Corp., 779 F.2d at 909, and it appearing that Attorney Fiore bases his motion on arguments identical to or expanding upon those previously raised before—and rejected by—the undersigned, and neither identifies nor substantiates a clear error of law in the court's prior decision, and accordingly fails to satisfy the exacting standard of review applied to motions for reconsideration, it is hereby ORDERED that Attorney Fiore's motion for reconsideration (Doc. 57) of the memorandum and order (Docs. 52-53) dated October 25, 2016 is DENIED.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania