## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MALIBU MEDIA, LLC,** | : CIVIL ACTION NO. 4:15-CV-2281 | |
| | : | |
| **Plaintiff and Counterclaim** | :   **(Chief Judge Conner)** | |
| **Defendant,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **JOHN DOE subscriber assigned IP** | : | |
| **Address 71.58.216.197,** | : | |
| | : | |
| **Defendant, Counterclaim** | : | |
| **Plaintiff, and Third-Party** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **CHRISTOPHER FIORE, BRIGHAM** | : | |
| **FIELD, and COLETTE PELISSIER-** | : | |
| **FIELD,** | : | |
| | : | |
| **Third-Party Defendants** | : | |

## DEFENDANT'S MOTION FOR SANCTIONS AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT DUE TO SPOLIATION OF EVIDENCE

Defendant respectfully moves this Court to enter an Order Sanctioning

Plaintiff for the systematic spoliation of evidence and to Dismiss Plaintiff's

Complaint.  Defendant offers in support and avers as follows:

1.      On November 25, 2015, Plaintiff, Malibu Media, LLC., (Herein after

"MM") filed suit against Defendant, alleging copyright infringement. (ECF 1)

2.      Defendant filed an Answer with Affirmative Defenses and Counterclaims, alleging that at minimum, MM's copyright claims were barred by the doctrine of Unclean Hands and/or copyright abuse (ECF 34 ¶¶ 34-38 ), and at worst, that MM, Colette Pelissier-Field, Brigham Field, and Christopher Fiore were complicit in fraudulent and/or deceptive business practices. (ECF 34, *see generally*, Counterclaims & Third Party Claims).

3.      At all times relative, MM's agents had been advertising and distributing free copies of MM's videos to hundreds of millions of individuals around the world. (ECF 34 ¶ 35).

4.      At that time Plaintiff was put on notice that Plaintiff's distribution of its videos through multiple free-distribution websites was a material issue of dispute and germane to Defendant's defenses and counterclaims.

5.      Prior to filing the Answer, Defendant also filed a Motion to Disqualify Attorney Christopher Fiore on February 18, 2016, also raising the issue of the deceptive business practices as a defense and counterclaim. (ECF 15)

6.      Even prior to the instant action, Malibu Media's own counsel has stated that his client's copyright "cases were built upon a stack of falsehoods." (Malibu Media, LLC, v. John Does 1-22, 5:12-cv-02088-MMB p. 2/ ECF 55-1).

7.      Malibu Media's own counsel further agrees that MM's is most likely the initial seeder to the BitTorrent videos via the free-distribution websites, if not

directly to the BitTorrent websites. (<u>Malibu Media, LLC, v. John Does 1-22</u>, 5:12-cv-02088-MMB p. 4, fn. 10/ ECF <u>55-1</u>).

8.    Recently, two copyright plaintiff attorneys where indicted for pursuing an almost identical copyright abuse scheme where they were involved in the distribution of their videos to the internet and then sued innocent victims in order to extort settlement payments. <u>United States v. Paul Hansmeier et.al.</u>, 0:16-cr-00334-JNE-KMM

9.    Despite the aforementioned knowledge that MM and its legal counsels have had at all times relative, MM has embarked on a systematic destruction of evidence of the hundreds of MM's videos posted and being distributed on its business partners free-distribution websites.

10.    Defense noticed the suspicious destruction of evidence that proves deceptive and/or fraudulent business practices.  Defense reminded MM of its obligation to preserve evidence and requested that Defense be given a five (5) day notice prior to the destruction of the evidence. (Exhibit "A").

11.    Defense preservation requests went unrequited, and MM continued to destroy evidence.

12.    Since MM was put on notice of the material issues involved, it has destroyed at least 55 videos being distributed for free by MM and its agents on the free-distribution sites, 10 of the 19 videos which were videos purportedly infringed

upon by Defendant.  It is reasonably suspected that MM has destroyed hundreds

more that Defendant was not aware of and MM failed to timely disclose.

13.    Spoliation occurs when: (a) the evidence was in the party's control; (b)

the evidence is relevant to the claims or defenses in the case; (c) there has been

actual suppression or withholding of evidence, and; (d) the duty to preserve the

evidence was reasonably foreseeable to the party. First Senior Fin. Grp. LLC v.

Watchdog, No. 12-cv-1247, 2014 U.S. Dist. LEXIS 45952, at *12 (E.D. Pa. Apr. 3,

2014), citing,  Gumbs v. International Harvester, Inc., 718 F.2d 88, 96 (3d Cir.

1983) and  Brewer v. Quaker State Oil Ref. Corp., 72 F.3d 326, 334 (3d Cir. 1995)

14.    The destroyed evidence was within the control of MM's agents and

was destroyed at the direction of MM and was in bad faith.

15.    With each video destroyed, Plaintiff erases crucial information such as

the name of the video, uploader of the video, the date the video was uploaded, the

number of distributions of the video, whether a copyright notice was present, etc.

16.    The spoliation of evidence has prejudiced Defendant in both the

defenses and counterclaims.

17.    The spoliation of evidence has prejudiced Defendant in the

preparation of Defense's Brief in Opposition to Plaintiff's Motion to Dismiss filed

by Christopher Fiore, Colette Pessiler-Field, and Malibu Media, LLC. (ECF 69/

ECF 40 / ECF 36).

18.     It is appropriate for the court to dismiss an action where the offending party is seriously at fault and the action will serve to deter similar conduct in the future.  Schmid v. Milwaukee Elec. Tool Corp., 13 F.3d 76, 79 (3d Cir. 1994).

19.     The award of attorney fees and costs is also appropriate in situations where there has been prejudicial spoliation of evidence. Id.

WHEREFORE Defendant respectfully request this Court enter an Order imposing sanctions on Plaintiff, Malibu Media, LLC by dismissing Plaintiff's claims and awarding attorney fees and costs.


Dated: January 10, 2017

Respectfully submitted,

/s/Aaron Brooks
Aaron Brooks PA# 207801
Attorney for the Defense
765 Beaver Branch Rd.
Pennsylvania Furnace, PA
16865
(814) 852-8264
ATB15@psu.edu

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 10, 2017, I electronically filed the forgoing

document with the Clerk of the Court using CM/ECF and that service was

perfected on all counsel of record through this system.

Respectfully submitted,

Dated: January 10, 2017

/s/Aaron Brooks
Aaron Brooks PA# 207801
Attorney for the Defense
765 Beaver Branch Rd.
Pennsylvania Furnace, PA
16865
(814) 852-8264
ATB15@psu.edu