IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MALIBU MEDIA, LLC,** | : CIVIL ACTION NO. 4:15-CV-2281 |
| **Plaintiff and Counterclaim Defendant,** | : (Chief Judge Conner) |
| v. | : |
| **JOHN DOE subscriber assigned IP Address 71.58.216.197,** | : |
| **Defendant, Counterclaim Plaintiff, and Third-Party Plaintiff,** | : |
| v. | : |
| **CHRISTOPHER FIORE, BRIGHAM FIELD, and COLETTE PELISSIER-FIELD,** | : |
| **Third-Party Defendants** | : |

### DEFENDANT'S BRIEF IN SUPPORT OF DEFENDANT'S MOTION FOR SANCTIONS FOR SPOLIATION OF EVIDENCE

Defendant offers the following Brief in Support of Defendant's Motion for

Sanctions for Spoliation of Evidence and aver as follows:

### I.   BACKGROUND

Defendant respectfully moves this Court to enter an Order Sanctioning

Malibu Media, LLC's (Hereinafter "MM") and dismissing Plaintiff's Complaint.

At all times relative, Defendant has made it known that MM's use of third-party websites to distribute its products for free to hundreds of millions of individual was both a defense and counterclaim. (*See* ECF 34, & Mot. To Disq. Christppher Fiore, ECF 15).  MM knew or should have known that it was under a duty to preserve evidence of MM's business partner's free distribution of MM's purported copyrighted works.  Defendant also reminded MM of its duty to preserve the aforementioned information. Despite this duty, Plaintiff has systematically destroyed evidence of its wrongdoing, which creates extreme prejudice to Defendant.  As Plaintiff has pointed out on numerous occasions, a claim of copyright infringement is strict liability, affording statutory damages for even innocent infringements.  Defendant cannot be expected to defend a strict liability action when MM is affirmatively destroying evidence proving that MM's own actions have directly influenced the upload and download of its videos on the internet.  The only appropriate sanction for a situation where statutory damages are being demanded is for the Complaint to be dismissed in its entirety.  Furthermore, MM has filed over 5000 of these actions and continues to file more every day.  The awarding of attorney fees for MM's destruction of crucial evidence of its wrong doing is not only appropriate as a sanction for its meritless claims, but also serve as a deterrent for MM doing the same thing in other pending and/or future lawsuits.

MM has systematically destroyed evidence which goes to prove Defendant's affirmative defenses as well as counterclaims and third-party claims. MM's destruction of evidence also prejudices Defendant's response to Malibu Media, Colette Pelliser-Field, and Christopher Fiore's Motion to Dismiss. (ECF 69/ ECF 40 / ECF 36).

MM knows that Defendant's entire defense, counterclaim, and third-party claims are based upon MM's distribution of its work to millions of individuals around the globe for free via its agents' websites. There is no other means by which Defendant can examine the destroyed evidence. There is no other appropriate sanction other than the dismissal of MM's claims and the award of attorney fees in order to deter MM's conduct in the future.

## II. QUESTION PRESENTED

Whether Malibu Media's Complaint should be dismissed as a sanction for blatant bad faith destruction of essential materials which go to the proof of Defendant's affirmative defenses and counterclaims?

(*Suggested Answer in the Affirmative*).

## III. ARGUMENT

On November 25, 2015, Plaintiff, MM, filed suit against Defendant, alleging copyright infringement. (ECF 1)

Defendant admits to downloading or attempting to download 19 of the purported videos alleged by MM, however, Defendant filed a timely affirmative defense and counterclaim based upon MM's use of free-distribution websites to market its videos. (ECF 34).  A "party to a lawsuit, and its agents, have an affirmative duty to preserve relevant evidence where a plaintiff knows that litigation against a defendant is likely, and it is foreseeable that discarding the evidence would be prejudicial to the defendants." Cmty. Ass'n Underwriters of Am., Inc. v. Rhodes Dev. Grp., Inc., No. 1:09-CV-0257, 2013 U.S. Dist. LEXIS 29691, at *17 (M.D. Pa. Mar. 5, 2013)

When spoliation of evidence occurs, sanctions may be appropriate.  The key considerations in determining an "appropriate sanction should be (1) the degree of fault of the party who altered or destroyed the evidence; (2) the degree of prejudice suffered by the opposing party; (3) whether there is a lesser sanction that will avoid substantial unfairness to the opposing party and, where the offending party is seriously at fault, will serve to deter such conduct by others in the future." Schmid v. Milwaukee Elec. Tool Corp., 13 F.3d 76, 79 (3d Cir. 1994).

MM has systematically destroyed evidence of the videos being distributed via their business partners' websites.  This spoliation of evidence is not only

prejudicial to Defendant, it is also done in bad faith, warranting sanctions against MM including dismissal of its Complaint, as well as the award of attorney fees.

### A. **Plaintiff's Spoliation of was Proactive and in Bad Faith.**

MM had failed to disclose its relationship with the free-distribution websites in its *ex parte* dealings with this Court, claiming that had *never* authorized the distribution of its videos by anyone. (ECF [7-1](#) at ¶ 9, ECF [46-1](#) ¶ 8, ECF [57-1](#)). After being confronted with the truth, MM then claimed that the free-distribution websites were "streaming only." (Mot. for Recon., ECF [57](#) p.5). This was shown to be false. (ECF [68](#) p.6-7). MM claimed that it has suspended its relationships with the free distribution websites. (Brief in Support of Mot. To Diss., ECF [38](#) p. 2). This was shown to be false. (Brief in Response, [68](#) p.5). MM claimed that it has only ever published its works on the free-distribution websites with copyright notices. (ECF [57](#) p.7). Again, this is yet another false declaration to this Court. (ECF [68](#) p.12-13).

Due to MM's history of misleading this and many other Federal Courts, MM's proactive destruction of their misdeeds can only be viewed as a bad faith effort to conceal malevolent behavior. Indeed, Defense has identified at least 54 distinct videos being destroyed since MM was put on notice of Defendant's defenses, ten (10) of them being the very same videos MM purports Defendant has infringed. Deleted videos include; *Among the Wild Flowers, Apartment in Madrid*,

*Awe Inspiring Orgy*, *Awesome Threesome*, *Beautiful Blowjob*, *Bound by Desire*, *Come Together Part I*, *Come Together Part II*, *Deep Awakening*, *Dripping Pleasure*, *Farewell*, *Feeling Frisky*, *Friends with Benefits*, *Fuck Me More*, *Fucking Ballerina*, *Fucking Blond Perfection*, *Good Morning I Love You*, *Grow With Me*, *Happy Birthday Caprice*, *Hippie Chic*, *Bath For Two*, *Keep on Cumming*, *Lovers' Lane*, *Maybe Yes*, *Meet My Lover From Austria*, *A Morning to Remember*, *New Romance*, *Private Tutor*, *Ranch Hand*, *Rub Me The Right Way*, *Season of Love*, *Sex Love and Happiness*, *Sex with a Supermodel*, *Sex with Passion*, *Sexy Lazy Afternoon*, *Sleep Over*, *Start Your New Year Inside Caprice*, *Starting Over*, *Stay With Me*, *Still With Me*, *The Young and the Restless*, *Tongue Pleasure*, *True Love*, *Yoga In The Sky,* (Exhibit "A"). In addition to the aforementioned videos, MM has also destroyed copies of at least ten (10) of the nineteen videos it purports Defendant infringed upon. More specifically, MM destroyed at least four (4) different copies of *A Little Rain Must Fall*, (Exhibit "B"); six (6) different copies of *Above the Air*, (Exhibit "C"), *Chloe Loves Carl*, (Exhibit "D"), and *Fashion Models*, (Exhibit "E"); seven (7) different copies of *Fuck Me Four Ways*, (Exhibit "F") and *Give Me More*, (Exhibit "G"); Two (2) different copies of *In For The Night*, (Exhibit "H"); three (3) different copies of *One Show for Each*, (Exhibit "I"), *Sexy En Noir*, (Exhibit "J"), and *Sneaking In*, (Exhibit "K"). It is unknowable

how many more videos – including those which Defendant purportedly infringed – have permanently been destroyed by MM.

In order for one of MM's videos to be removed from the free distribution websites, it must affirmatively contact the website and request its removal.  Indeed, many of the removed videos specifically states they have been "removed at the request of X-Art." (See Exhibits, *generally*).  Furthermore, the free-distribution websites are agents of MM and therefore the removed videos are under the command and control of MM.  At all times relative, MM had notice that the freely distributed videos were an issue in pending litigation.

MM was even brazen enough to destroy *Still With Me*, (Exhibit "A-44"), *Keep on Cumming,* (Exhibit "A-24"), *New Romance,* (Exhibit "A-28"), and *Friends with Benefits* (Exhibit "A-14") which were all attached as exhibits on Defendant's Brief In Opposition to Christopher Fiore's Motion for Reconsideration. (ECF 68 p.6-7).

Significantly, attorney Rushie, has himself contended that MM may be the initial seeder of the BitTorrent files complained of, (5:12-cv-02088-MMB ECF 55-1, p. 4), or that the initial seedings came from an authorized upload to Pornhub. (Id. p. 19, fn. 26).  Attorney Rushie also pointed out that MM had been freely

distributing its copyrighted materials through pornhub.com. (Id. fn. 9), as well as through Youporn.com, noting:

> X-Art made "Tiffany - Sex With a Super Model" available on YouPorn.com for free on August 13, 2011. The video has since been viewed 12,048,579 times since X-Art uploaded it. See the video, available at: http://www.youporn.com/watch/613931/x-art-sex-with-a-supermodel/?from=search_full&pos=9.
>
> (5:12-cv-02088-MMB / ECF 55-1, p. 4, fn. 9)

MM's destruction of the adverse evidence precludes investigation of the video's metadata data which would help pinpoint the initial seeder of the videos.

### B. **Plaintiff's Spoliation of Evidence is Prejudicial to Defendant.**

This Court has followed the guidance of Pennsylvania Courts, holding, "[a]t a minimum, if the plaintiff knows that a particular party is potentially responsible, in the absence of exigent circumstances the plaintiff should provide this party with the opportunity to inspect the evidence. Cmty. Ass'n Underwriters of Am., Inc. v. Rhodes Dev. Grp., Inc., No. 1:09-CV-0257, 2013 U.S. Dist. LEXIS 29691, at *18 (M.D. Pa. Mar. 5, 2013), (*citing* Mount Olivet Tabernacle Church v. Edwin L. Weigand Div., 2001 PA Super 232, 781 A.2d 1263, 1271 n.6 (Pa. Super. Ct. 2001)). and Pia v. Perrotti, 718 A.2d 321, 325 (Pa. Super. Ct. 1998)).

When Defense discovered that MM was destroying relevant evidence, Defendant specifically reminded MM of its duty to preserve evidence, and

requested that he be given at least five (5) days notice before any video is removed from the internet. Defendant's requests went unrequited, and MM continued to destroy evidence of its misdeeds.

Herein, Defendants Affirmative Defenses and Counterclaims are based upon MM's extensive business dealings with free-distribution websites which distribute MM's videos around the world to hundreds of millions of individuals. Defendant has already shown that MM has published and distributed hundreds of its movies via the free-site, including the videos that MM alleges were infringed upon. Defendant has also shown that many of the videos have been distributed by MM without copyright notices. Both the free distribution of the videos, as well as the distribution without copyright notices are absolute defenses to MM's claims. MM has purposefully destroyed evidence of the video being destroyed, the uploader of the video, the length of time of the video had been posted, whether it was featured by the free-distribution websites, the number of distributions of the video, and whether the video was being distributed with a copyright notice.

MM's blatant destruction of evidence creates an immense prejudice to Defendant's defense against statutory minimum damages. The only appropriate remedy for the spoliation is to dismiss Plaintiff's claims.

### C. Dismissal of Plaintiff's Complaint is the Appropriate Sanction where Plaintiff is Claiming Statutory Damages.

As MM has repeatedly pointed out, copyright infringement is a strict liability offense for which MM has elected to pursue statutory damages over proving actual damages. MM's spoliation of evidence creates an extreme prejudice to Defendant where statutory damages are sought, and therefore the dismissal of Plaintiff's Complaint is appropriate.

Indeed, "[w]here evidence is destroyed, sanctions may be appropriate, including the outright dismissal of claims, the exclusion of countervailing evidence, or a jury instruction on the 'spoilation inference,' … [which] 'permits the jury to assume that 'the destroyed evidence would have been unfavorable to the position of the offending party.'" N.J. Mfrs. Ins. Co. v. Hearth & Home Techs., Inc., No. 3:06-CV-2234, 2008 U.S. Dist. LEXIS 49911, at *19-20 (M.D. Pa. June 25, 2008), *quoting*, Bowman v. Am. Med. Sys. Inc., No. Civ. A. 96-7871, 1998 U.S. Dist. LEXIS 16082, 1998 WL 721079 at *3 (E.D. Pa. Oct. 9, 1998), *and*, Schmid v. Milwaukee Electric Tool Corp., 13 F.3d 76, 78 (3d Cir. 1994)). Other possible sanctions include fines and imposition of attorneys' fees and costs. Id. *quoting,* Travelers Prop. Cas. Co. of Am. v. Cooper Crouse-Hinds, LLC, et al., No. 05-CV-6399, 2007 U.S. Dist. LEXIS 64572, 2007 WL 2571450, at *4 (E.D. Pa.

Aug. 31, 2007) (*citing* Paramount Pictures Corp. v. Davis, 234 F.R.D. 102, 110 (E.D. Pa. 2005)).

Malibu Media has previously dealt with the issues of spoliation and thoughtfully laid out the rationale as to why its instant claims should be dismissed for its spoliation of evidence in. *See* Malibu Media, LLC., v. Michael Harrison, 1:12-cv-01117-WTL-MJD Doc # 237.  While this action arose in the jurisdiction of the 7th circuit, both the 7th and 3rd circuit follow the principals laid out in Schmid, *supra*.  Malibu Media previously advised the court that:

> "Spoliation of evidence occurs when one party destroys evidence relevant to an issue in the case." Krumwiede v. Brighton Associates, L.L.C., 2006 WL 1308629, at *8 (N.D. Ill. 2006) (citing Smith v. United States, 293 F.3d 984, 988 (7th Cir.2002)). When a party violates its duty to preserve relevant evidence, sanctions for spoliation must be imposed. See id. The Seventh Circuit holds that a party has a duty to preserve evidence when it "knew, or should have known, that litigation was imminent." Trask-Morton v. Motel 6 Operating L.P., 534 F.3d 672, 681-82 (7th Cir. 2008). Indeed, "a party must preserve evidence that it has notice is reasonably likely to be the subject of a discovery request even before a request is actually received." Wiginton v. Ellis, 2003 WL 22439865, at *4 (N.D. Ill. 2003) (emphasis added). "A formal discovery request is not necessary to trigger the duty to preserve evidence." Krumwiede, 2006 WL 1308629, at *8. Indeed, courts have found that a mere e-mail threatening litigation is enough to put the recipient Case 1:12-cv-

01117-WTL-MJD Document 237 Filed 09/22/14 Page 5 of 11 PageID #: 1653 6 "on notice that litigation is reasonably foreseeable and the duty to preserve evidence relevant to that dispute is triggered." Goodman v. Praxair Servs., Inc., 632 F. Supp. 2d 494, 511 (D. Md. 2009); YCB Int'l, Inc. v. UCF Trading Co, Ltd., 2012 WL 3069526, at *3-4 (N.D. Ill. 2012) (same).

The only determination the Court needs to make is whether Defendant knew or "should have known that litigation was imminent." See TraskMorton v. Motel 6 Operating L.P., 534 F.3d 672, 681-82 (7th Cir. 2008) (emphasis added); Am. Family Mut. Ins., Co. v. Roth, 2009 WL 982788 (N.D. Ill. 2009); Krumwiede v. Brighton Associates, L.L.C., 2006 WL 1308629, at *8 (N.D. Ill. 2006) ("A party has a duty to preserve evidence, including any relevant evidence over which the party has control and reasonably knew or could reasonably foresee was material to a potential legal action.").

Defendant's willful blindness does not excuse his duty to preserve evidence. See E.E.O.C. v. JP Morgan Chase Bank, N.A., 295 F.R.D. 166, 174 (S.D. Ohio 2013) Case 1:12-cv-01117-WTL-MJD Document 237 Filed 09/22/14 Page 6 of 11 PageID #: 1654 7 (imposing sanctions because "Defendant's conduct constitutes at least negligence and reaches for willful blindness bordering on intentionality.")

"[S]anctions are intended to serve one or more of the following purposes: (1) to ameliorate the prejudice caused to an innocent party by a discovery violation; (2) to punish the party who violates his or her obligations; and/or (3) to deter others from committing like violations." Danis v. USN Commc'ns, Inc., 2000 WL 169, at *31

(N.D. Ill. 2000). And, a default judgment is appropriate where there is "clear and convincing evidence of willfulness, bad faith or fault by the noncomplying party." Id. at *9 (citing Maynard v. Nygren, 332 F.3d 462, 468 (7th Cir.2003)).

"A party suffers prejudice due to spoliation of evidence when the lost evidence prevents the aggrieved party from using evidence essential to its underlying claim." Langley by Langley v. Union Elec. Co., 107 F.3d 510, 515 (7th Cir. 1997); In re Old Banc One S'holders Sec. Litig., 2005 WL 3372783, at *4 (N.D. Ill. 2005).

(Malibu Media, LLC., v. Michael Harrison, 1:12-cv-01117-WTL-MJD Doc # 237)

Significantly, Christopher Fiore, Esq., also has direct knowledge of this because he represented MM in the Bellwether trial, where the Honorable Judge Baylson held that the spoliation and perjury by a defendant was an attempt to "destroy and conceal evidence required a substantial penalty…. to deter others" and that "[i]n a criminal case, this conduct would be denominated as obstruction of justice." Malibu Media, LLC v. John Does 1, 6, 13, 14, 950 F. Supp. 2d 779, 788 (E.D. Pa. 2013).

MM's destruction of evidence also warrants the awarding of attorney fees so as to deter MM from repeating the same behavior in one of its many other pending or future copyright litigations. Sanctions may also have the added benefit of MM no longer allowing its agents to distribute free copies of MM's video to hundreds

of millions of individuals around the world, creating an environment where innocent individuals would believe that MM has waived its copyright protections.

## IV. <u>CONCLUSION</u>

Due to the aforementioned reasons, the only appropriate sanction in a situation where a plaintiff knowingly brings a meritless claim for statutory damages, offers false declarations and statements to the Court, and then destroys evidence of its misdoings, is a dismissal of its claims and the award of attorney fees. The sanctions will also act as a deterrent to Plaintiff's future behavior in its myriad of similar pending and future litigations. Furthermore, Defense has not only been prejudiced in preparation of defenses, but also in preparation of opposition of Malibu Media, Christopher Fiore, and Colette Pelissier-Field's Motions to Dismiss.

Dated: January 10, 2016

Respectfully submitted,

/s/Aaron Brooks
Aaron Brooks PA# 207801
Attorney for the Defense
765 Beaver Branch Rd.
Pennsylvania Furnace, PA 16865
(814) 852-8264
ATB15@psu.edu

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 10, 2016, I electronically filed the forgoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record through this system.

Respectfully submitted,

Dated: January 10, 2016

/s/Aaron Brooks
Aaron Brooks PA# 207801
Attorney for the Defense
765 Beaver Branch Rd.
Pennsylvania Furnace, PA 16865
(814) 852-8264
ATB15@psu.edu