IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

_____

| | | |
|---|---|---|
| **MALIBU MEDIA, LLC** | : | |
| | : | |
| v. | : | CIVIL ACTION |
| | : | No. 4:15-CV-2281 |
| **JOHN DOE, subscriber assigned** | : | |
| **IP Address 71.58.216.197** | : | |
| _____ | : | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S
MOTION FOR SANCTIONS AND MOTION TO DISMISS**

Plaintiff Malibu Media, LLC, ("Malibu") by and through its counsel of record, A. Jordan Rushie, files this Response in Opposition to Defendant's Motion for Sanctions and Motion to Dismiss. For the reasons that follow, this Court should deny the Defendant's Motions.

**I. STATEMENT OF FACTS**

Defendant, John Doe, ("Doe"), is an attorney. Doe was accused of downloading and distributing 20 of Plaintiff's copyrighted movies over the internet using BitTorrent. He does not dispute doing so.[1] But rather than atone for his misdeeds, Doe countersued Malibu, its individual owners, and the attorney who filed the copyright lawsuit against him.

The basis for the Doe's counterclaim is essentially that because Malibu's movies were once found on streaming sites similar to YouTube,[2] he not only had a

---

[1] Defendant's Answer admits that he downloaded and distributed the Plaintiff's copyrighted works via BitTorrent. (Dkt. 33).

[2] The websites referred to in Doe's Motion and Counterclaim are "streaming" or "tube" sites. They are sites similar to YouTube or Hulu, except that they contain adult content.

legal right to steal and distribute them, but in doing so, Malibu somehow injured him.

Under his theory, because The Beatles[3] music is available on YouTube,[4] not only is it legal for people to walk into a Walmart, steal their CDs, and make copies for their friends, but a person who gets caught now has a cause of action against the record company for forcing them to steal. Apparently perpetrating a crime makes a criminal a victim. Obviously, the Defendant's counterclaims are the subject of a Motion to Dismiss which is currently pending before this Honorable Court. (Dkt. 69).

It comes as no surprise that Doe has also moved to sanction Malibu, and is once again falsely claiming they have engaged in misconduct. Doe seeks to have Malibu sanctioned for asking[5] streaming sites to remove their videos from their websites. (Dkt. 81).

On its face, his argument makes no sense. The fact that Malibu has asked streaming sites to remove its content proves that they were once available, coupled with the fact that Doe has referenced several of Malibu's movies in his motion.

---

[3] It is a common practice for content holders to place their copyrighted content on streaming sites. For example, The Beatles, Carley Rae Jepsen, Taylor Swift, Toby Keith, and even Miles Davis all have made their content available for free on YouTube. However, their works can still be purchased on sites like iTunes, or in stores like Walmart or Target. Just because a work is available online does not give the general public a right to reproduce or distribute it. However, the majority of Malibu's works were not authorized to be placed on tube sites.

[4] *See e.g.*, https://www.youtube.com/watch?v=VJDJs9dumZI.

[5] Under the Digital Millennium Copyright Act, copyright holders may send streaming sites a "take down notice" and have unauthorized content removed without filing a lawsuit against the person who placed it there. Malibu is diligent about sending DMCA takedown notices to remove its content from tube sites. This information is available in discovery.

Further, Doe can also adduce this information through discovery. Nevertheless, he now argues that Malibu should be forced to leave its copyrighted content on streaming sites while this suit is pending. Such action would surrender Malibu's exclusive rights to distribute and reproduce its copyrighted works under 17 U.S.C § 106, and cripple their ability to combat piracy on streaming sites, and

There is no legitimate basis for Doe to determine how Malibu reproduces and distributes is own conduct, except to try and damage its business while this suit is pending.

Doe, an attorney, should know better. Left without a viable defense to Malibu's copyright infringement suit, it appears Doe is lashing out in hopes that Malibu will abandon claims that are admittedly meritorious merely to avoid vexatious litigation. Such action is a violation of 28 U.S.C. § 1927 and the Pennsylvania Rules of Professional Conduct.

For the reasons set forth below, his motion should be denied, and Doe sanctioned in the amount of $2500.00 to reimburse Malibu the cost of responding to this motion.

## II. LEGAL ARGUMENT

The doctrine of spoliation of evidence essentially arises when a party has destroyed evidence relevant to a dispute being litigated. *Schmid v. Milwaukee Elec. Tool Corp.*, 13 F.3d 78 (3d Cir. 1994). In determining whether spoliation is sanctionable, the Third Circuit set forth a three-prong analysis:

(1) the degree of fault of the party who altered or destroyed the evidence;

(2) the degree of prejudice suffered by the opposing party; and

> (3) the availability of a lesser sanction that will protect the opposing party's rights and deter future similar conduct.

*Id*. at 76; *see also Schroeder v. Commonwealth, Department of Transportation*, 551 Pa. 243, 251 (1998).

Under this three-prong analysis, Doe has failed to establish how Plaintiff destroyed evidence, warranting sanctions of dismissal and awarded attorney fees. Further, Doe's motion lacks basis in fact or existing law, and he should be sanctioned for his conduct.

### A. PLAINTIFF'S REMOVAL OF VIDEOS WAS NOT WILLFUL OR CONDUCTED IN BAD FAITH

Defendant asserts that Plaintiff's removal of the videos in question can only be "viewed as a bad faith effort to conceal malevolent behavior." This argument, however, is unfounded, lacking both evidence and applicable case law.

Defendant's argument is premised under the notion that Plaintiff acted in bad faith and therefore should be sanctioned. In Pennsylvania, the doctrine of spoliation of evidence provides that "a party may not benefit from its own destruction or withholding of evidence." *Amico v. Radius Commc'ns*, No. 1793, 2001 WL 1807391, *2 (Pa. Com. Pl. Oct. 29, 2001). The doctrine of spoliation essentially attempts to compensate those whose legal rights may have been infringed upon due to the destruction of evidence. *Id*. Under this doctrine, there is no requirement of acting "willfully" or in "bad faith." "Spoliation does not occur where 'the destruction was a matter of routine with no fraudulent intent.' Dismissal for spoliation is therefore unwarranted." *Dicuio v. Brother Int'l Corp.*, 2015 U.S. Dist. LEXIS 68029, *43 (D.N.J. May 27, 2015) (quoting *Bull v. United Parcel Serv.*, 665 F.3d 68, 79 (3d Cir. 2012)). A

party is not guilty of spoliation when it destroys documents as part of its regular business practices and is unaware of their potential relevance to litigation." *Matya v. Dexter Corp.*, 2006 U.S. Dist. LEXIS 18358, *33 (W.D.N.Y. Apr. 3, 2006) (citation omitted)

The Copyright Act confers Malibu the exclusive right to reproduce and distribute its content. 17 U.S.C § 106. It is uncontested that Plaintiff has generated videos and sometimes posted them on streaming and video-sharing websites.[6] In fact, Defendant has extensively listed a sundry of these videos in his brief. However, the removal of these videos was purely a business decision, not for purposes of destroying evidence. DMCA takedown notice is authorized and encouraged by the copyright regime. Indeed, the Copyright Act encourages rightsholders to police their works online, even offering them a legal apparatus to remove unauthorized copies. *See* 17 U.S.C. § 512., which is exactly what Malibu did here.

Bolstering this contention, according to Forbes Magazine, adult content companies similar to Malibu are struggling with video-sharing sites, commonly referred to as "tube-sites," and often face issues with profitability and piracy. *See generally* Oliver J. Chiang, *The Challenge Of User-Generated Porn*, FORBES (2009). http://www.forbes.com/2009/08/04/digital-playground-video-technology-e-gang-09-ali-joone.html. Malibu routinely submits DMCA takedown requests to have its intellectual property removed from streaming sites, and torrents removed from search engines, in order to protect its intellectual property.

---

[6] Sometimes videos are placed on a streaming site by the content owner, and other times they are place on the sites by an unauthorized user.

Critically, most of the videos found on tube sites were not authorized to be placed there by Malibu, and thus properly the subject of a DMCA takedown. Meaning that no only is Doe asking the court to deprive Malibu of its exclusive right to distribute and reproduce its copyrighted content, but he is also requesting that they surrender their content to pirates. If videos remain online would only be hurting the business practices and the overall profit of Malibu.

Doe's argument is without merit and therefore his motion should be denied. His motion is an attempt to defer Malibu from prosecuting their admittedly meritorious claims.

### B. DEFENDANT DID NOT SUFFER ANY PREJUDICE FROM THE REMOVAL OF THESE VIDEOS THEREFORE DISMISSAL OF PLAINTIFF'S CLAIMS IS INAPPROPRIATE.

Defendant has failed to demonstrate how the alleged removal of said videos has prejudiced him in anyway. Courts have held that the existence of comparable evidence eliminates the prejudice from spoliation. *Schroeder*, 551 Pa. at 252; *Amico v. Radius Commc'ns*, 2001 WL 180739, *2 (Pa. Com. Pl. Oct. 29, 2001); *see also Quaile v. Carol Cable Co. Inc.*, 1993 WL 53563, *4 (E.D. Pa. Feb. 26, 1993) (holding defendant was not prejudiced by the absence of the allegedly defective lamp in question, but could examine other lamps as comparable evidence and therefore not entitled to judgment as a matter of law).

In general, courts should select the least onerous sanction commensurate with the spoliator's fault and the other party's prejudice. *Mount Olivet Tabernacle Church v. Edwin L. Wiegand Div.*, 781 A.2d 1263, 1273 (Pa. Super Ct. 2001). In *Mount Olivet*, Appellant contended that Plaintiff destroyed evidence without allowing the opposing party to examine it. *Id*. In turn, the court held Appellant suffered a low

degree of prejudice as the Appellant had reasonable opportunity to examine other products in similar circumstances, ultimately refraining from issuing sanctions. *Id*. Consequently "where fault and prejudice are not severe, dismissal is inappropriate." *Id*.

Doe's argument makes no sense. Malibu does not dispute that these videos once existed on streaming sites. The simple act of removing the videos attests to their existence. Assuming the court lets Doe's claims or defense proceed, DMCA takedown notices will be available in discovery.

Moreover, the removal of their presence online was not done for purposes of destroying evidence. In applying the court's analysis in *Schroeder*, the mere existence of alternative means such as discovery disqualifies Doe from a prejudicial claim under the spoliation doctrine. If Doe truly believes these videos are relevant to his defense, he can simply inquire about the videos through depositions or interrogatories. In no way does Doe suffer from an "immense prejudice" without these videos being made available to the public.

Similar to the court's analysis in *Mount Olivet*, Doe is not substantially prejudiced and has reasonable opportunities available to procure information about the videos. Moreover, it is unclear what actual information Defendant seeks from these videos. Throughout his entire argument, not once does Doe mention how the presence of these videos would serve as relevant evidence to his claims or defenses.

The prejudice Doe suffered, if any, through the removal of these videos, is exceedingly insufficient to warrant a sanction of dismissal of Plaintiff's claims. All of the information Doe seeks is available through discovery.

In contrast, Malibu will be severely prejudiced if it is forced to surrender its rights under 17 U.S. Code § 106, allow its content to be watched for free by the public, and distributed by pirates. It is apparent that Doe's goal is to prejudice Malibu's business interests in order to deter them from prosecuting claims against him.

### C. DISMISSAL IN AN INAPPROPRIATE AND EXTREME SANCTION THAT SHOULD BE DENIED

Dismissal of a claim is considered a "drastic sanction" that is reserved for cases "where there is a clear record of delay or contumacious conduct by the plaintiff." *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 866 (3d Cir. 1984); *see also Donnelly v. Johns-Manville Sales Corp.*, 677 F.2d 339, 342 (3d Cir. 1982). Moreover, dismissals with prejudice or defaults are "drastic sanctions termed 'extreme' by the Supreme Court." *Id*. at 867 (citing *National Hockey League v. Metro Hockey Club, Inc.*, 427 U.S. 639, 634 (1976)). The Third Circuit even highlighted the fact that courts have been consistent in rulings emphasizing "the extreme nature of a dismissal." *Id*. at 867. In essence, the Court recognized that a dismissal "does not further the goal of a court system, that of delivering evenhanded justice to litigants." *Id*. In *Poulis*, the Third Circuit balanced the following factors in considering whether the trial court abused its discretion in dismissing the case:

> (1) the extent of the *party's* personal *responsibility*; (2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a *history* of dilatoriness; (4) whether the conduct of the party or the attorney was *willful* or in *bad faith*; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions*; and (6) the *meritoriousness* of the claim or defense.

*Poulis*, 747 F.2d at 868. (emphasis supplied)

In his motion, Doe fails to justify how the removal of these videos is so severe as to warrant a dismissal of Plaintiff's claims. While Doe extensively cites to a previous action in which Plaintiff "thoughtfully laid out" the principles of spoliation, Defendant's analysis is misguided. Defendant is simply trying to use Plaintiff's own arguments against them. However, by focusing on such a tactic, Defendant failed to justify his own claim. Throughout his argument, or lack thereof, Defendant fails to prove any elements that would warrant the "drastic sanction" of dismissal. In analyzing the *Poulis* factors, Defendant was not prejudiced by the removal of these videos; Defendant has shown no evidence of dilatoriness, willful conduct, or bad faith; Defendant has not proffered why alternative sanctions are insufficient; and most significantly, Defendant's entire claim of spoliation is without merit.

D. SANCTIONS ARE APPROPRIATE Under 28 U.S.C. § 1927

Under 28 U.S.C. § 1927, "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

Doe is an attorney admitted to practice. Here, it is apparent Doe's only basis for filing this motion was to harass Malibu and try and coerce them from exercising their rights under the Copyright Act.

Further, Doe also seems to believe he can slander Malibu and its counsel in pleadings. For instance, Doe's motion refers to Prenda Law, which involved attorneys who were recently indicted for filing frivolous copyright claims on behalf of sham clients.

What Doe fails to mention is that these attorneys, and their sham clients, have nothing to do with Malibu. Quite the contrary, in differentiating Malibu Media from Prenda. When other litigants tried to assert similar contentions, the Honorable

Michael M. Baylson of the Eastern District of Pennsylvania has specifically opined that:

> Because of significant interest in these cases, I have prepared this report of the proceedings, which may be of value to other judges in this and other districts who have numerous cases involving similar allegations. In doing so, I emphasize that Malibu is not what has been referred to in the media and legal publications, and in the internet blogosphere, as a "copyright troll" –i.e., a non-producer who merely has acquired the right to bring lawsuits against alleged infringers. Rather, Malibu is an actual producer of adult films and owns valid copyrights, registered with the United States Copyright Office, in its works. *Malibu Media, LLC v. Does*, 950 F. Supp. 2d 779, 780–81 (E.D. Pa. 2013)

Defendant had no legitimate basis to raise issues concerning a law firm that never represented Malibu, except to try and mislead the court and falsely portray the company in poor light before this Honorable Court.

As a result, of his motion, Malibu has incurred $2500.00 in attorney's fees to prepare a response to his motion. Absent sanctions, Doe will continue to unreasonably and vexatiously multiply the proceedings.

### III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that Defendant's Motion for Sanctions and Dismissal of Complaint be denied. Doe should also be sanctioned in the amount of $2500.00.

Dated: January 24, 2017

Respectfully Submitted,

A. Jordan Rushie, Esq.
Rushie Law PLLC
Attorney I.D. No.: 209066
1010 N. Hancock St.
Philadelphia, PA 19123
P. 215-268-3978
F. 215-525-0909
jrushie@rushielaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 24 day of January 2017, I electronically filed the forgoing document with the Clerk of the Court using CM/ECF system and that service was perfected on all counsel of record through this system.

*/s/ A. Jordan Rushie*

A. Jordan Rushie

Dated: January 24, 2017