# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MALIBU MEDIA, LLC,** | : CIVIL ACTION NO. 4:15-CV-2281 |
| **Plaintiff and Counterclaim Defendant,** | : (Chief Judge Conner) |
| v. | : |
| **JOHN DOE subscriber assigned IP Address 71.58.216.197,** | : |
| **Defendant, Counterclaim Plaintiff, and Third-Party Plaintiff,** | : |
| v. | : |
| **CHRISTOPHER FIORE, BRIGHAM FIELD, and COLETTE PELISSIER-FIELD,** | : |
| **Third-Party Defendants** | : |

### DEFENDANT'S REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION FOR SANCTIONS FOR SPOLIATION OF EVIDENCE

Defendant offers the following Reply Brief in Support of Defendant's Motion for Sanctions for Spoliation of Evidence and aver as follows:

### I. ARGUMENT

Plaintiff continues to offer multiple falsehoods and knowingly and intentionally attempt to mislead this Court. To date, Malibu Media, LLC., ("MM")

admits to suing 13,284 individuals for copyright infringement, and at all times relative, MM videos were being distributed for free via MM's business partners' websites.

Plaintiff feigns ignorance that Pornhub, Youporn, xHamster, etc., websites allow viewers to download free copies of MM's videos directly from their websites. Not only has this "streaming only" falsehood been debunked numerous times by the presentation of undisputed evidence, attorney Rushie knew this to be true as far back as November 20, 2012.  Indeed, attorney Rushie specifically pointed out that the "**distribution** of Plaintiff's works by the Plaintiff…," was occurring on Pornhub and Youporn. (*emphasis added*) (5:12-cv-02088-MMB ECF 55-1, Fn 9, 13 & 26).  This brief was signed by attorney Rushie and served on attorney Fiore.  Attorney Rushie has presented evidence directly contradicting his own current arguments, as attorney Rushie had previously filed of record a link to the webpage that the video was being distributed, noting:

> X-Art made "Tiffany - Sex With a Super Model" available on YouPorn.com for free on August 13, 2011. The video has since been viewed 12,048,579 times since X-Art uploaded it. See the video, available at: http://www.youporn.com/watch/613931/x-art-sex-with-a-supermodel/?from=search_full&pos=9.
>
> (5:12-cv-02088-MMB / ECF 55-1, p. 4, fn. 9)[1]

---

[1] The link has subsequently been deleted by Plaintiff.

Any argument that MM or its attorneys were unaware that there is a material issue regarding the destroyed evidence is insincere. At best, attorney Rushie's defense of MM is disingenuous and does neither his current client, nor his previous client any service.

Significantly, Plaintiff's destruction of evidence occurred after litigation began, but MM asks this Court to excuse its actions as a matter of "routine" business. (ECF 89 pp 4-5). Ominously, if Plaintiff, **as a matter of routine** business, has to ask it agents/business partners to remove unauthorized copies of its works from the free distribution websites, that in-and-of-itself is extremely concerning and is a material issue. MM's logic begs the questions – why does it do business and retain its name on multiple websites that, as part of routine business, violate MM's copyrights for the past 5 years? The fact that MM admits it must ask its business partners to removed hundreds, if not thousands, of MM's videos on an ongoing and routine basis, not only speak to the merits to MM's claims, but to the motivations of its litigation business as well.

Moreover, even if there was any question before the litigation commenced, that was quickly laid to rest when Defendant filed the first motion to disqualify attorney Fiore, (ECF 15); Defendant's Answer, (ECF 34); or the second motion to disqualify attorney Fiore, (ECF 41). If those did not put Plaintiff on notice, Defendant's preservation request certainly did.  (ECF 81, Exhibit "A").

A. **<u>Any Comparison between YouTube and Pornhub is Misleading and Wrong.</u>**

MM again attempts to compare YouTube with Pornhub. YouTube does not allow their content to be downloaded. Pornhub, Youporn, xHamster, Redtune, and other sites of that nature, do. It is like comparing North Korea to the United States. Yes, they are both countries, but the similarities end there. Therefore, comparing Beatles music on Youtube to videos on Pornhub is insincere and misleading.

However, for the sake of argument, if the Beatles had allowed their music to be downloaded and shared for free on YouTube, Amazon, iTunes, Spotify, as well as multiple other commercial websites, no court would entertain the Beatles' sham surprise that their music was actually being downloaded and shared. Thanks to attorney Rushie's prior brief, we know for a certainty that MM has been distributing its work on free sites since at least August 13, 2011. (5:12-cv-02088-MMB / ECF [55-1](#), p. 4, fn. 9). Herein, MM displayed its name on multiple websites which distribute MM's videos for free. MM then turned around and sued thousands of individuals for downloading the same videos from additional free distribution websites. This does nothing to promote the progress of science and the useful arts as enumerated by the constitution. <u>U.S. Const, Art 1, Sec 8</u>.

B. **<u>Discovery will not Rectify Plaintiff's Destruction of Material Evidence.</u>**

MM claims that the same information destroyed by MM during the pendency of this litigation can be reproduce through discovery. However, MM has also objected to all production of document requests which seek the same information. Furthermore, MM has also now claimed that "Plaintiff does not have any business relationships with any sites that it does not own," despite the numerous prior admissions and the overwhelming evidence to the contrary.[2] MM cannot argue in one moment that the information is available through discovery and in the next argue that Defendant has no right to the information or that the information does not exist. Plaintiff's arguments are again insincere.

Indeed, MM has continued to destroy evidence even during the pendency of this instant Motion for Sanctions. At the same time MM was filing its Brief in Opposition to Defendant's Motion for Sanctions, it was also destroying the videos personally posted by Colette Pelissier-Field to her Pornhub profile page. There is no reason to believe that MM would be forthwith in turning over discovery even if compelled when it will not cease destruction of the evidence during the pendency of this motion regarding its destruction of evidence.

---

[2] Plaintiff has previously admitted to business relationships with numerous third party websites, however now disavows those earlier admissions in its answers to Defendant's Interrogatories Directed at Plaintiff. (*See also* ECF # 57 pp. 4-5,  ECF # 38 p. 2). It is reasonably expected that Plaintiff's discovery responses which give blanket objections and obfuscating answers will necessitate a Motion to Compel Discovery.

### C. **Defendant has Been Prejudiced Due to Plaintiff's Destruction of Evidence.**

Defendant has offered numerous defenses which are all based on MM's videos being freely distributed on websites bearing MM's trademarked name. The defense of unclean hands will bar enforcement of a valid copyright when a plaintiff commits wrongdoing "of serious proportions. Saxon v. Blann, 968 F.2d 676, 680 (8th Cir. 1992). The doctrine of copyright abuse has also been asserted as an equitable defense to an infringement suit. Warner/Chappel Music, Inc. v. Pilz Compact Disc, Inc., No. 99-293, 1999 U.S. Dist. LEXIS 17161, at *15 (E.D. Pa. Oct. 26, 1999). Abandonment of copyright occurs if there is an intent by the copyright holder to forego the copyright protections by either an act, or a failure to act, from which we can readily infer an intent to abandon the right. Dam Things from Den. v. Russ Berrie & Co., 290 F.3d 548, 560 (3d Cir. 2002). Copyright forfeiture occurs when there is the publication with an omission of an appropriate copyright notice regardless of intent. Franklin Mint Corp. v. Nat'l Wildlife Art Exch., Inc., Nos. 76-1935, 76-1956, 76-2753, 1977 U.S. Dist. LEXIS 16902, at *17 (E.D. Pa. Mar. 5, 1977).

All of these are provable by the videos posted on MM's partners' websites, which have been subsequently destroyed. It is unclear how MM argues that there is no prejudice when it is destroying proof of its own acts and/or omissions.

Similarly, Defendant has counter claimed that MM has engaged in violations of the unfair trade practices and consumer protection law by deceptively advertising their content as free. 73 P.S. §§ 201 et. al. MM is currently destroying the advertisements which prove the falsehoods.

### D. Dismissal Is the Most Appropriate Remedy

The alternative to outright dismissal is negative inferences as to the destroyed work. Whereas the negative inference would assume that MM had abandoned and/or forfeited its copyright protections, the action would be dismissible as a matter of law. Indeed, a court finding that MM has abandoned or forfeited its copyrights may be more detrimental to MM than a mere dismissal of its claims.

Additionally, MM's constantly shifting answers, non-answers, and misleading answers necessitate a discouragement to MM in the thousands of other pending or soon to be pending actions regarding the same copyright infringement issues.

### E. Plaintiff Relies on Misapplied Law.

MM also misapplies case law to justify the destruction of material evidence. For instance, MM cites to Bull v. United Parcel Serv., where original copies were destroyed, however, photo copies still remained for examination by the adverse

party. Bull v. United Parcel Serv, 665 F.3d 68, 79 (3d Cir. 2012). Herein, there are no facsimiles that the defendant may examine in order defend the claims.

Similarly, the court's *dicta* in Dicuio v. Brother Int'l Corp., the court found no evidence of spoliation for "failing to create evidence" – i.e. keeping notes, and for recycling printer disputed printer cartridges prior to the litigation. Dicuio v. Brother Int'l Corp., 2015 U.S. Dist. LEXIS 68029, *43 (D.N.J. May 27, 2015). Herein, MM's destruction began after it had notice of the issues involved. Indeed, Defendant does not argue that MM should have taken notes on the destroyed evidence, but, if MM was going to proactively destroy evidence, it owed a duty to allow Defendant to examine the videos and take notes.

Furthermore, reliance on Matya v. Dexter Corp does not hold true, because in Matya, the offending party did not know of the potential litigation when evidence was destroyed. Matya v. Dexter Corp., 2006 U.S. Dist. LEXIS 18358, *33 (W.D.N.Y. Apr. 3, 2006). The Court specifically noted that a party has an obligation to preserve evidence once a lawsuit is filed. Id. Plaintiff was aware of the disputed evidence at all times relative and has always been aware of the evidence's potential relevance to litigation as far back as 2013 when attorney Rushie informed attorney Fiore of its relevance. (5:12-cv-02088-MMB ECF 55-1, Fn 9, 13 & 26).

## III. <u>CONCLUSION</u>

Due to the aforementioned reasons, the only appropriate sanction in a situation where a plaintiff knowingly brings a meritless claim for statutory damages, offers false declarations and statements to the Court, and then destroys evidence of its misdoings, is a dismissal of its claims and the award of attorney fees.  The sanctions will also act as a deterrent to Plaintiff's future behavior in its myriad of similar pending and future litigations.  Furthermore, Defense has not only been prejudiced in preparation of defenses, but also in preparation of opposition of Malibu Media, Christopher Fiore, and Colette Pelissier-Field's Motions to Dismiss.

Dated: February 6, 2017

Respectfully submitted,

/s/Aaron Brooks
Aaron Brooks PA# 207801
Attorney for the Defense
765 Beaver Branch Rd.
Pennsylvania Furnace, PA 16865
(814) 852-8264
ATB15@psu.edu

## CERTIFICATE OF SERVICE

I hereby certify that on February 6, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record through this system.

Respectfully submitted,

Dated: February 6, 2016

/s/Aaron Brooks
Aaron Brooks PA# 207801
Attorney for the Defense
765 Beaver Branch Rd.
Pennsylvania Furnace, PA 16865
(814) 852-8264
ATB15@psu.edu