# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MALIBU MEDIA, LLC,** | : | CIVIL ACTION NO. 4:15-CV-2281 |
|     **Plaintiff and Counterclaim Defendant,** | : : | (Chief Judge Conner) |
| v. | : : | |
| **JOHN DOE subscriber assigned IP Address 71.58.216.197,** | : : : | |
|     **Defendant, Counterclaim Plaintiff, and Third-Party Plaintiff,** | : : : : | |
| v. | : : | |
| **CHRISTOPHER FIORE, BRIGHAM FIELD, and COLETTE PELISSIER-FIELD,** | : : : : | |
|     **Third-Party Defendants** | : | |

## **ORDER**

AND NOW, this 24th day of August, 2017, upon consideration of the motion (Doc. 81) for sanctions filed by defendant John Doe against plaintiff Malibu Media, LLC ("Malibu") in response to Malibu's purported spoliation of evidence, (see Doc. 82 at 1-3), wherein John Doe contends that Malibu destroyed evidence documenting its free distribution of copyrighted works to third-party websites by requesting that the websites hosting Malibu's copyrighted works delete them notwithstanding the pendency of the instant litigation, (id. at 4-8); that Malibu spoliated said evidence in bad faith causing John Doe "extreme prejudice," (id. at 10); and that Malibu's destruction of evidence necessitates the sanction of dismissal of the complaint, (id. 10-14); and further upon consideration of Malibu's response (Doc. 89), wherein

Malibu asserts that John Doe's motion is meritless and itself sanctionable and accordingly requests monetary sanctions totaling $2,500 pursuant to 28 U.S.C. § 1927, (id. at 9-10), and the court addressing the parties' arguments *seriatim*: *first*, with respect to spoliation of evidence, it appearing that spoliation occurs when: (1) the ostensibly spoliated evidence was in a party's sole control; (2) the evidence is relevant to substantive claims or defenses; (3) the party with control of the evidence has actually suppressed or withheld it; and (4) the party was able to foresee its duty to preserve the evidence, Bull v. United Parcel Serv., Inc., 665 F.3d 68, 73 (3d Cir. 2012) (citing Brewer v. Quaker State Oil Ref. Corp., 72 F.3d 326, 334 (3d Cir. 1995)), and that spoliation inferences cannot "arise where the destruction was a matter of routine with no fraudulent intent," Brewer, 72 F.3d at 334 (quoting 29 Am. Jur. 2d Evidence § 177), and it further appearing that upon finding that a party spoliated evidence, the court must weigh several factors to determine an appropriate sanction, including (1) the spoliating party's "degree of fault;" (2) any prejudice to the opposing party; and (3) the availability of a lesser sanction which would both avoid unfairness and achieve deterrence, Bull, 665 F.3d at 73 n.5 (quoting Schmid v. Milwaukee Elec. Tool Corp., 13 F.3d 76, 79 (3d Cir. 1994)), and the court noting that Malibu claims it requested that third parties delete its videos in the normal course of business and that it had no fraudulent intent in doing so, (Doc. 89 at 4-6), and that John Doe presents no evidence of fraudulent intent, and thus concluding that no spoliation occurred, and further concluding that, assuming *arguendo* John Doe had established spoliation, the draconian sanction of dismissal is inapplicable herein as the evidence sought by John Doe is ascertainable by means of depositions and

otherwise during discovery, and that dismissal would constitute a substantially unfair remedy; and *second*, with respect to Malibu's request for sanctions, the court concluding that John Doe's motion is not "unreasonabl[e] and vexatious[]" to the extent that it merits sanctions, see 28 U.S.C. § 1927, it is hereby ORDERED that:

1. John Doe's motion (Doc. 81) for sanctions is DENIED.

2. Malibu's request (Doc. 89 at 9-10) for sanctions is DENIED.

/S/ CHRISTOPHER C. CONNER<br>
Christopher C. Conner, Chief Judge<br>
United States District Court<br>
Middle District of Pennsylvania